[Duffin, et al. v. Summerville.]

# Duffin, *et al. v.* Summerville.

*Action for Trespass Against Justice of Peace and His Official Bond.*

(Decided December 4, 1913.   Rehearing denied December 18, 1913.
63 South. 816.)

1. *Justice of the Peace; Acts Judicial and Ministerial.*—The acts of a justice of the peace are both judicial and ministerial; those permitting of the exercise of his legal discretion or requiring decision of questions of law being judicial while those of a clerical nature such as the issue of process, etc., are ministerial.

2. *Same; Liability for Official Acts.*—Justices of the peace are liable to the party aggrieved for the non-feasance, misfeasance or mal-feasance in the performance of ministerial duties, as are other ministerial officers.

3. *Same.*—Justices of the peace are exempt from civil liability for their judicial acts if done or performed in a case where they have jurisdiction of both the subject matter and the person, however erroneous they may be, and however malicious or corrupt may be the motive prompting them.

4. *Same; Judicial Acts.*—An act of the justice of the peace, although it involves the exercise of judgment and discretion, is not a judicial act, and the justice is not immune from suits by individuals for damages resulting therefrom, unless the act is done or performed in a matter wherein he had jurisdiction.

5. *Same.*—Where the want of jurisdiction of a justice of peace over a particular case is caused by matters of fact, to make him liable for acts done without jurisdiction, it must appear that such facts were known to him or ought to have been known by him; the justice not being liable for mere error of judgment in determining in favor of his jurisdiction the existence of a matter of fact upon which the law makes that jurisdiction to depend, unless he knew or should have known that the fact did not exist.

6. *Same.*—Ignorance of law on the part of a justice of the peace does not relieve him from liability for acts done in a suit over which, by law, he has no jurisdiction.

7. *Same.*—Where a justice of the peace enters judgment in reliance on the return of an officer showing service of process upon a defendant, he is not liable, though the process was not in fact served, in the absence of notice or knowledge of lack of service.

8. *Same.*—A justice of the peace is not liable for entering judgment against the defendant upon whom process has not been served where he relies on the sworn testimony of a person who appears for such defendant, and professes to be his agent and to have authority, although he has no such authority, unless the justice knows or has reason to believe that such person has no authority; however,

[Duffin, et al. v. Summerville.]

under section 2990, a justice cannot act upon the appearance and confession of judgment of a professed agent, if he is not an attorney at law, unless such agent is duly sworn and testifies to his authority.

9. *Same; Complaint.*—Where the action was for damages against a justice of the peace and his official bond a complaint alleging that the justice entered his judgment in detinue against the plaintiff-defendant purporting to have been entered upon the confession of plaintiff's husband and co-defendant in the detinue case, and that plaintiff did not consent or authorize anyone to consent to the rendition of such judgment, and did not appear or authorize anyone to appear for her, but which failed to allege that the value of the property involved exceeded the jurisdiction of the justice or that she was not served with summons, was not sufficient, as construing it most strongly against the pleader, it inferentially alleged that the justice had jurisdiction of the subject matter and of the person, and his error in entering judgment by confession instead of by default would not render him liable where he had jurisdiction to act.

10. *Same; Pleading and Evidence.*—Where a justice of the peace is sued for damages for entering judgment against defendant who has not been served with process, such justice has the burden of pleading and proving that, acting on a return showing service, and upon the oath of a person with professed authority to confess judgment for defendant, he determined that he did acquire jurisdiction; the law requiring a justice to ascertain the existence of facts upon which his jurisdiction rests before he is authorized to act, and presuming his knowledge of their non-existence until he shows the contrary, when they do not exist.

11. *Same.*—A plea by a justice, in defense of an action against him and his official bond for entering judgment in detinue, which sets up that he had jurisdiction of the subject matter of the suit by serving on plaintiff the summons and complaint, and performed his duties in a judicial capacity only, that the judgment was entered at the instance of plaintiff's husband, an authorized agent, who appeared in open court for that purpose, and that the acts complained of were judicial acts and done only in a judicial capacity, was open to the demurrers interposed.

12. *Same; Liability on Official Bond.*—Under section 1500 (subdivision 2) Code 1907, the sureties on the official bond of a justice of the peace are liable to a person injured by an act of a justice, though involving judgment and discretion, done or performed in a matter wherein he had no jurisdiction to act.

13. *Judges; Official Acts; Motive.*—The motive of a judicial officer in performing judicial acts can be questioned only by the state in impeachment proceedings or by an indictment for misconduct in office.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Amanda Summerville against P. J. Duffin and others on a bond. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The following is count 6: "Plaintiff claims of defendant the sum of $1,000 damages, with interest thereon, for that on, to wit, the 16th day of November, 1908, P. J. Duffin, as principal, and R. R. Board and P. R. Parsons entered into a bond conditioned and substanced as follows: That said P. J. Duffin, a justice of the peace, was faithfully to discharge the duties of such office during the time he continued therein, or discharges any of the duties thereof. Plaintiff avers that said bond was breached in this: That on, to wit, the 16th day of December, 1910, said Duffin, as justice of the peace, entered a judgment against the plaintiff and one Will Summerville for certain personal property, and damages for its detention and costs of court, in a suit then pending before him as such, said judgment purporting to have been consented to by plaintiff and said Will Summerville, and on, to wit, the 24th day of December, 1910, said Duffin issued or caused to issue a writ of seizure for said property to be issued. Plaintiff avers that she never consented to the rendition of said judgment, or authorized any one to consent to its rendition for her, that she never appeared before the said P. J. Duffin, or authorized any one to appear before him for her; and, as a direct and proximate consequence of said wrong, plaintiff avers that her household goods, furniture, and effects were taken from her, that she was cursed, and abused, and otherwise mistreated while the same were being taken, and deprived of her said goods, furniture, and effects, and of their use and benefits, for a long time, and that her said goods and furniture were broken, scratched, marred, and otherwise disfigured, and their value greatly and permanently depreciated, and she was made to suffer great mental and physical pain," etc.

7. Same as 6 down to and including the words "to be issued" where they occur together in said count, and

adds: "Plaintiff avers that at the time said judgment was entered, and said writ of seizure issued, said P. J. Duffin knew that plaintiff never consented to the rendition of said judgment, and knew that plaintiff had never appeared before him, but, notwithstanding such knowledge, said P. J. Duffin, as justice of the peace, willfully and wantonly entered said judgment, and caused said writ to be issued as aforesaid, and that, as a proximate consequence, plaintiff says she suffered and sustained the damages" complained of in the sixth count of the complaint.

Each count contains a declaration of waiver of exemptions as to principal and surety.

The first, second, and third demurrers are that the complaint fails to state a cause of action. (4) "The acts complained of on the part of defendant P. J. Duffin were performed by him in the exercise of his authority and duty as a justice of the peace, when his court was in session, and done in open court, he having jurisdiction of the subject-matter therein, and there is and cannot be any liability on the part of the judge." (5) "The acts complained of were judicial acts as contradistinguished from ministerial acts, and the law holds the judge immune from damages." (6) "An action in civil damages will not lie for acts done by a judge in his judicial capacity." (8) Same as 4.

The defendants' pleas were as follows: (3) "Defendant says that he was regularly elected and qualified justice of the peace in beat 34 of Jefferson county, Ala., and had jurisdiction of the subject-matter of suit then before him by serving on Amanda Summerville a summons and complaint out of his court, and performed duties then before him in a judicial capacity only." (4) "Judgment complained of was entered by said defendant at the instance of Will Summerville, husband and authorized agent of plaintiff, Amanda Summerville, in this

cause; he appearing in open court on day of trial for that purpose." (5) "The acts complained of in said complaint are judicial acts, and done only in a judicial capacity.

ARTHUR L. BROWN, for appellant. The complaint was subject to the demurrers interposed.—*Lacy v. Hendrix,* 164 Ala. 280; *Scott v. Ryan,* 115 Ala. 587; *Early v. Fitzpatrick,* 161 Ala. 172. The pleas sufficiently showed that defendant acted in a judicial capacity, and was not subject to the demurrer.—*Coleman v. Roberts,* 113 Ala. 323, and authorities supra.

HORACE C. WILKINSON, and WILLIAM C. FITTS, for appellee. The demurrers to the complaint, except the fifth, fall within the class known as general or speaking demurrers.—*Wilkie v. Johnson,* 132 Ala. 268; *Smith v. Roebuck,* 155 Ala. 395; *Mobile E. Co. v. Sanges,* 53 South. 176; Sec. 5340, Code 1907. There was no error in overruling the fifth cause of demurrer.—*Smith v. Roebuck, supra; Crossthwait v. Pitts,* 139 Ala. 421; *McClendon's Case,* 119 Ala. 518; *Earp v. Stevens,* 1 Ala. App. 447. The pleas were subject to the demurrers interposed for failure to show jurisdiction of the person. —*Smith v. Roebuck, supra.* They are further subject to demurrer for failure to show that the justice of the peace had jurisdiction to render a consent judgment.— *Cain v. Sullivan,* Minor 31; *Stevens v. Dubany,* Minor 379; *Brown v. Little,* 9 Ala. 416; *Elliott v. Halbrook,* 33 Ala. 659. In any event the defendant could have had advantage under the general issue of all the facts attempted to be set up in the pleas.—*Reeves v. Anniston K. Mills,* 166 Ala. 645.

THOMAS, J.—Justices of the peace, in their official character as such, exercise two-fold functions, those

which are judicial, and. those which are ministerial. Such acts of theirs as are usually performed by a judge of a court of record—that is, such as permit the exercise of legal discretion, or require the decision of questions of law—are judicial; while those of a clerical nature—that is, of a character similar to the official acts of a clerk of a court of record, such as issuing process, etc.—are ministerial. In other words, justices of the peace are both the judges and clerks, in a sense, of their respective courts, although their courts are not courts of record.

With respect to their ministerial duties, they, of course, are liable, as are other ministerial officers, for damages, either for nonfeasance, misfeasance, or malfeasance, to the party aggrieved; but, with respect to their judicial duties, they are, as are other judicial officers, exempt from civil liability for any and all of their judicial acts, however erroneous those acts may be, and however malicious or corrupt may have been the motive prompting them, if done or performed in a cause wherein they have jurisdiction of both the subject-matter and the person.—18 Am. & Eng. Ency. Law, 46 et seq.; *Kelly v. Moore,* 51 Ala. 364; *Mason v. Crabtree,* 71 Ala. 479; *Coleman v. Roberts,* 113 Ala. 323, 21 South. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111; *McLendon v. Am. F. Land Mort. Co.,* 119 Ala. 518, 24 South. 721; *Scott v. Ryan,* 115 Ala. 587, 22 South. 284; *Crosthwait v. Pitts,* 139 Ala. 421, 36 South. 83; *Burgin v. Sullivan,* 151 Ala. 416, 44 South. 202; *Early v. Fitzpatrick,* 161 Ala. 172, 49 South. 686, 135 Am. St. Rep. 123. In such case, the only personal redress which the law affords one who has been injured by the erroneous judgment of a justice of the peace, whether it resulted from mere mistake or from malice on his part, is correction upon appeal or certiorari, when the motives of the justice in rendering the judgment or decision cannot be inquired

into. This policy of granting immunity to judicial officers from private action for judicial acts is, as has been often declared, grounded in an aim to secure the independence of judicial thought and action, for, if they might be subjected to suit, and thereby harassed, by every losing litigant who might see fit to question their motives· their freedom of thought would be shackled by a constant fear, from which even the honest and innocent would not be exempt. The law, therefore, wisely reserves to society at large, as embodied and represented in the state—the government itself, in theory impartial —the right to question the motives of a judicial officer for judicial acts, and this only in solemn form by impeachment proceedings, or by an indictment for misconduct in office.

It must not be supposed, however, that the law counts as a judicial act, and grants immunity from suits by individuals for damages resulting therefrom, every act, seemingly such, which a justice of the peace may perform. For it to be a judicial act, entitling him to the exemption mentioned, it must not only be a judgment, or decision, or conclusion of some kind of a legal or judicial nature, but it must be done or performed in a matter wherein the justice has jurisdiction to act; otherwise, it is not a judicial act within the contemplation of law· however much it may have involved the exercise of judgment and discretion, but is merely the act of the individual, not the judge, assuming an authority he does not possess. For his *wrongful* acts of this nature, a justice of the peace is liable, and section 1500 (subdivision 3) of the Code likewise makes his sureties liable, in declaring them, as it does, to be liable (quoting its words) for "any *wrongful* act committed under color of his office."—*Kelly v. Moore, supra; McLendon v. Am. F. Land Mort. Co., supra;* and other authorities, supra.

But it is not every act of this class, though all are erroneous, that the law condemns as wrongful to the extent of making it the basis of an action against him for damages.—See 18 Am. & Eng. Enc. Law, 47, 48.   For instance, it has been held by high authorities—correctly so on principle, we think, and which we will follow in this case, knowing of no decision to the contrary in this state—that where the want of jurisdiction of a justice of the peace over a particular case is caused by matters of fact, it must appear, in order to hold him liable for acts done without jurisdiction, that those matters of fact were known to him, or ought to have been known by him.—*Clarke v. May,* 2 Gray (Mass.) 410, 61 Am. Dec. 472; *Hendrick v. Whittemore,* 105 Mass. 28; 18 Am. & Eng. Ency. Law, 48; 17 Am. & Eng. Ency. Law, 732.   In other words, extending the application of the same principle by differently stating it, a justice of the peace is not liable for mere error of judgment in determining, in favor of his jurisdiction, the existence of a matter of fact upon which the law makes that jurisdiction to depend, unless it appears that he either knew that the fact did not exist or should have known it. While ignorance of the law excuses no one, ignorance of the fact sometimes does.   For instance, if a justice of the peace should assume to try an ejectment suit brought before him, even though the defendants were duly served with proper process so as to give him jurisdiction of their persons, the proceedings would be void for want of jurisdiction of the subject-matter, and he would be liable we apprehend, to parties aggrieved for all damages proximately resulting therefrom, and could not plead in justification of his act his ignorance of the law.—*Earp v. Stephens,* 1 Ala. App. 450, 55 South. 266. But, on the other hand, if he proceeds and enters up judgment by default against defendants in a suit of detinue where the value of the property sued for does

[Duffin, et al. v. Summerville.]

not exceed $100, or in other suits where he has jurisdiction of the subject-matter, brought before him, when the summons issued upon the complaint has been returned by the proper officer as being duly executed, though in fact it was not, we are of opinion that the justice would not be liable to the defendants for his act in entering up such judgment, though he acquired no jurisdiction whatever of their persons—unless it is made to appear that he knew that the fact stated in the return of service of the summons was false. His ignorance, under such circumstances, of a fact—the want of service of the process upon the defendants, although such service was essential to support his jurisdiction—would excuse him. He had a right to rely upon the solemn return of an officer who was acting under the sanction of an official oath, and would not be liable, we think, in the absence of knowledge or notice that the facts were contrary to what the return stated.—*Withers v. Coyles,* 36 Ala. 320.

Likewise, if in such a suit—one wherein he has jurisdiction of the subject-matter—even though there had been no service of summons upon defendants, and no return of service, and no voluntary appearance by them personally, but an appearance in court of some other person professing to have authority to make a general appearance for the defendants, though he did not in fact have such authority, the justice of the peace would not be liable to the defendants for proceeding in the case to judgment against them on such appearance, provided he swore the professed agent as to his authority—unless the justice knew that the oath of the professed agent in this particular was false, or had good reason to believe it false. If he acted in good faith in relying upon the sworn testimony of a professed agent to the effect that he was such agent, and that he had authority from defendants to appear for them and confess judgment, even though he did not, we do not think the justice would be

liable for entering up a judgment on such confession.—
*Withers v. Coyles, supra.* Of course, the justice, in ascertaining whether he had jurisdiction of the persons of defendants, who had not been served with process, and against whom no return of service had been shown, could not act upon the appearance and confession of judgment for them of a professed agent, unless that agent, if he was not an attorney at law (Code § 2990), was duly sworn and testified to his authority. But, if he was so sworn and testified, this was legal evidence upon which the justice might act in determining his jurisdiction, and if he did so in good faith, although the agent's testimony was false, the justice would not be liable. On the contrary, if he knew it was false, or had good reason to believe it so, he would be liable.

Keeping in mind these principles and the application of them as given, we can dispose of the present case without much further discussion. All counts of the complaint, except counts 6 and 7, were withdrawn, and these two, together with defendants' demurrers thereto, will be set out in the report of the case. Pleadings are to be construed most strongly against the pleader, and it will be observed from a reading of the complaint that it fails to disclose an averment of any fact, or even a conclusion, as for that, going to show that the defendant justice had no jurisdiction of the cause in which he entered the judgment by confession that is complained of. Presumptively then, he had jurisdiction both of the subject-matter of the suit (detinue) wherein the judgment by confession was rendered and of the person of the present plaintiff, who was one of the defendants therein, for, for aught to the contrary appearing from the allegations of the complaint, the value of the property sued for was less than $100, thereby bringing the subject-matter within the jurisdiction of the court, and, for aught to the contrary appearing from such allega-

tions, the present plaintiff, one of the defendants in that suit, was duly served therein with summons properly issued, thereby bringing her person within the jurisdiction of the court. If, then, the justice had jurisdiction of both the subject-matter of the suit and the person of the defendant, the present plaintiff (which must be presumed, the contrary not appearing, as seen), then he had full power and authority to enter up a judgment by default against her, which he should have done, on account of her failure (which she avers) to appear at court and, if he had such power and authority, is he liable to her for erroneously entering that judgment as by confession, instead of by default—even granting, as alleged in the complaint, that the agent professing to have authority to confess judgment for plaintiff had no such authority? We are of opinion that the act of the justice in entering the judgment falls within the class of judicial acts for which he is exempt from liability. It was not a usurpation of jurisdiction, or an act performed in a cause where he had no jurisdiction; but a judicial act done in a case where he had full jurisdiction of both the subject-matter and the person.—Authorities supra.

On the other hand, if we assume as true what some of the evidence tends to show, but what is not alleged, as seen, in the complaint, that the plaintiff was not served with summons as a defendant in that detinue suit, and if we further assume as true the allegation in the complaint, which some of the evidence also tends to support, to the effect that the plaintiff authorized no one to voluntarily appear for her and waive such service by confessing judgment, the justice would yet not be liable, as we have endeavored hereinbefore to demonstrate—either provided the summons was returned as properly executed by a duly authorized officer (as some of the evidence tends to show), or provided some other

person (the evidence tends to show it was her husband) appears and under oath professes authority to represent plaintiff by confessing judgment for her—unless the justice knew, or had good cause to know, in the one case, that the return was false, and· in the other, that the professed agent was without real authority.—*Withers v. Coyles, supra.*

Of course, if the complaint had averred that the plaintiff was not served with any summons ·in the detinue suit, in addition to averring, as it did do, that she was not present at court, and did not authorize any one else to be present at court and confess judgment for her (these facts being the equivalent of an allegation that the justice acquired no jurisdiction of her person in the suit), the duty would then rest upon him, if the allegation be true, and he would otherwise defeat the action, of pleading and proving that, although he in fact acquired no jurisdiction of her person, he in good faith at the time determined that he did acquire such jurisdiction, and that in doing so he acted on legal evidence—either upon a return on the summons showing service by the bailiff, or upon the oath ·of the person who appeared in court with professed authority to confess judgment for her.—*Withers v. Coyles, supra.* The law requires a justice to ascertain the existence of the facts upon which his jurisdiction may rest before he is authorized to act in the controversy, and, when they do not exist, it presumes his knowledge of their nonexistence· so as to hold him liable for the consequences of his exercising such jurisdiction, until he shows that, notwithstanding he had no jurisdiction, he determined at the time that he did have, and that in doing so he acted in good faith, and upon such legal evidence as would warrant an honest belief of its existence.—*Withers v. Coyles, supra.* The complaint, failing, as it does, to aver that plaintiff was not served with summons in the

[Wilson v. Draper.]

detinue suit, leaves the inference that the justice had jurisdiction of her person, and, he having likewise inferentially jurisdiction of the subject-matter of the suit, the act on his part in entering up the judgment by confession, which is complained of, though erroneous (since the judgment should have been by default), was a judicial act for which he is not liable; and the demurrer raising this point should have been sustained.

What we have hereinbefore said is sufficient to guide the court and the pleaders on another trial, and to indicate, without further discussion, the reason of the further conclusion we reach that the demurrers of plaintiff to defendants' pleas numbered 3, 4, and 5 were properly sustained.

For the error of the court in not sustaining defendants' demurrer to the sixth and seventh counts of the complaint (the only counts not withdrawn), the judgment is reversed.

Reversed and remanded.