94 So.2d 762

Farris **GARRETT**

v.

**ESCAMBIA COUNTY HOSPITAL BOARD.**

**3 Div. 788.**

Supreme Court of Alabama.

March 14, 1957.

Rehearing Denied May 9, 1957.

Windell C. Owens, Monroeville, for appellant.

Brooks & Garrett, Brewton, for appellee.

LAWSON, Justice.

This suit was brought in the circuit court of Escambia County by Farris Garrett against Escambia County Hospital Board and a physician-surgeon to recover for personal injuries alleged to have been sustained by the plaintiff while a patient in the D. W. McMillan Memorial Hospital operated by the defendant Board in Escambia County. The complaint alleged in substance that the hospital and the physician-surgeon undertook "for hire and reward" the medical and surgical care of the plaintiff while a patient in the hospital; that the defendants "so negligently, carelessly and unskillfully conducted themselves in that regard that as a proximate consequence thereof plaintiff was greatly injured in her person, etc."

The appeal to this court is by the plaintiff below from a judgment of nonsuit which she requested after the trial court "ordered, adjudged and decreed that the plaintiff's demurrers to the plea of the defendant, Escambia County Hospital Board, be and the same are hereby overruled."

We will treat the appeal, as do the parties thereto, as presenting to this court the single question, Is a public hospital corporation organized and operated under the provisions of Act 46, Acts of 1949,

Regular Session, p. 68, which corporation has been designated by the county governing body as the agency of the county to acquire, construct, equip, operate and maintain public hospital facilities as provided by Act 640, Acts 1949, Regular Session, p. 981, immune from suit by a pay patient to recover damages for personal injuries alleged to have been sustained as a proximate result of the negligence of the corporation's agents or servants? The provisions of Act 46, supra, have been designated in the 1955 Pocket Part to Vol. 5 of the 1940 Code as Title 22, §§ 204(18)–204 (30), and the provisions of Act 640, supra, have been designated in the same "Pocket Part" as Title 22, §§ 204(31)–204(41).

The rule is firmly established in this state that where a county, in accordance with express legislative authority, operates a hospital where its needy may receive care and medical attention, it is performing a governmental duty and, hence, as an arm of the state it is immune from suit by indigent or pay patients for the negligence of its officers or employees unless the act authorizing and empowering the county to operate the hospital expressly makes the county subject to suit for the torts of the officers, agents or servants entrusted with the operation and management of the hospital. Moore v. Walker County, 236 Ala. 688, 185 So. 175; Laney v. Jefferson County, 249 Ala. 612, 32 So. 2d 542. The general provision that a county is a body corporate with power to sue and be sued does not deprive a county of the immunity from suit based on negligence so long as it is engaged in governmental functions. Laney v. Jefferson County, supra. See White v. Alabama Insane Hospital, 138 Ala. 479, 35 So. 454; Shaffer v. Monongalia General Hospital, 135 W.Va. 163, 62 S.E.2d 795; 25 A.L.R.2d 224–225.

The foregoing principles apply to a public hospital corporation such as the Escambia County Hospital Board, organized and operated in the manner indicated above. The cases hereafter cited are directly in point if we understand them correctly. Shaffer v. Monongalia General Hospital, supra; Talley v. Northern San Diego County Hospital District, 41 Cal.2d 33, 257 P. 2d 22.

We hold, therefore, that the trial court did not err in overruling the demurrer to the "plea" of the defendant Hospital Board.

Whether the doctrine of sovereign immunity should be modified in this state is a legislative question.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.