148 So.2d 648

Reuben F. McKINLEY

v.

Bowen SIMMONS.

1 Div. 96.

Supreme Court of Alabama.

Jan. 10, 1963.

356

---

Reuben F. McKinley, Bay Minette, for appellant.

Vincent F. Kilborn, Mobile, for appellee.

GOODWYN, Justice.

Appeal by plaintiff below from judgment of non-suit rendered after defendant's demurrer to the complaint was sustained.

The complaint consists of one count, as follows:

"The Plaintiff claims of the Defendant Two Hundred Fifty Thousand Dollars as damages for that on to wit January 22, 1962, in the Circuit Court of Baldwin County, Alabama, in Equity, the Defendant while acting as Judge in the Divorce Case of McKinley v. McKinley No. 5670, did unlawfully, maliciously and willfully, without any jurisdiction or authority to do so whatsoever, while on the Bench with a room full of spectators in the Court, declare the Plaintiff to be Insane, without an Inquisition of Lunacy as required by law, or recognizing that the Probate Judge is the only person who can declare a person insane, after the proper process of law being followed. The Defendant did sign a decree in said cause to the effect that the Plaintiff was insane and as a Court Reporter was taking down said testimony, all of this went into a permanent record, thus destroying the Plaintiff, an Attorney at Law, in his profession and reputation, causing him great embarrassment and humiliation, ostracism and mental pain,

causing a presumption against him that he is insane that he can never live down, as well as great worry, grief, and anguish, all to the damage of the Plaintiff as aforesaid."

The only question presented is whether there was error in sustaining the demurrer.

■ The demurrer, containing 33 grounds, was sustained generally, without any particular ground or grounds being specified as the basis for such ruling. Accordingly, if any ground was good, the demurrer was properly sustained. National Park Bank v. Louisville & N. R. Co., 199 Ala. 192(1), 195, 74 So. 69; Louisville & N. R. Co. v. Wilson, 162 Ala. 588(11), 602, 50 So. 188; Opelika Montgomery Fair Co. v. Wright, 36 Ala.App. 1(1), 4, 52 So.2d 404.

It might well be that the complaint is defective in more than one respect, as pointed out by the several grounds of demurrer here insisted upon by the defendant-appellee. However, we find it necessary to consider only those grounds going to the basic issue presented, that is, the question of defendant's immunity from civil liability.

In aid of a better understanding of the case, we note that the parties' briefs clearly show that plaintiff was a party to the divorce suit and was acting therein as his own counsel; that defendant's actions, of which complaint is made, were in connection with defendant's decision that plaintiff could not adequately look after his own interests in said divorce suit, and that a guardian ad litem should be appointed to represent him.

■ Construing the complaint most strongly against the plaintiff (on being tested by demurrer), it clearly appears that the defendant, in making the alleged statement concerning the plaintiff, and in rendering the alleged decree, was acting in a judicial capacity as a judge of a court of general jurisdiction in a cause over which he had jurisdiction. Accordingly, the defendant cannot be held liable in a civil suit for any damages which might flow from such acts, assuming, but without in any way deciding, that such acts were of a libelous or slanderous nature. See: Pickett v. Richardson, 223 Ala. 683, 684–685, 138 So. 274; Broom v. Douglass, 175 Ala. 268, 273, 57 So. 860, 44 L.R.A.,N.S., 164, Ann.Cas.1914C, 1155; Coleman v. Roberts, 113 Ala. 323, 21 So. 449, 36 L.R.A. 84, 59 Am.St.Rep. 111; Busteed v. Parsons, 54 Ala. 393, 399–402, 25 Am.Rep. 688; Duffin v. Summerville, 9 Ala.App. 573, 578–579, 63 So. 816, cert. den. 187 Ala. 403, 66 So. 779; 33 Am.Jur., Libel and Slander, § 177, pp. 170–171; 30A Am. Jur., Judges, § 73, p. 42; 53 C.J.S. Libel and Slander § 104d(3), pp. 177–178; Restatement of the Law of Torts, Vol. 3, § 585, p. 225; Anno: 42 A.L.R.2d 825, 146 A.L.R. 913, 20 A.L.R. 407; 9 Columbia L. Rev., p. 463, "Absolute Immunity In Defamation: Judicial Proceedings."

The immunity of judges is based upon considerations of public policy and is designed to secure the complete freedom of the judiciary to discharge its functions without fear of consequences. The reason for the rule is thus stated in Duffin v. Summerville, supra, viz:

"* * * This policy of granting immunity to judicial officers from private action for judicial acts is, as has been often declared, grounded in an aim to secure the independence of judicial thought and action, for, if they might be subjected to suit, and thereby harassed, by every losing litigant who might see fit to question their motives, their freedom of thought would be shackled by a constant fear, from which even the honest and innocent would not be exempt. The law, therefore, wisely reserves to society at large, as embodied and represented in the state—the government itself, in theory impartial— the right to question the motives of a judicial officer for judicial acts, and this only in solemn form by impeachment proceedings, or by an indictment for misconduct in office."

In Coleman v. Roberts, supra, Chief Justice Brickell had this to say concerning the rule of immunity, viz:

"The doctrine has become so firmly settled as to have passed into a truism that an action will not lie against a judicial officer, the highest or lowest, keeping within the sphere of his jurisdiction, by one supposing himself aggrieved by his judicial action. (Citations omitted) Averments of malice, or of corruption in the exercise of jurisdiction, or of authority, work no change in the operation of the principle. 'Malice and error combined, nor either separately, will furnish a private cause of action against a judge.' (Citations omitted) The true theory and reason of the doctrine is stated with clearness by Judge Cooley: 'Whenever the state confers judicial powers upon an individual, it confers therewith full immunity from private suits. In effect the state says to the officer that these duties are confided to his judgment; that he is to exercise his judgment fully, freely, and without favor, and he may exercise it without fear; that the duties concern individuals, but they concern more especially the welfare of the state, and the peace and happiness of society; that if he shall fail in a faithful discharge of them, he shall be called to account as a criminal; but that, in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages.' Cooley, Torts, 408. There has been, not infrequently, much of objection that the doctrine has a tendency to promote the exercise of judicial power arbitrarily or capriciously, and may shield unscrupulous, corrupt men in judicial offices. This may be true to some extent; but, if true, and individual injury results, it is only an instance of the merger of individual wrong in the higher wrong to the state, and must be redressed by the higher remedies the state can pursue against the unjust judge. * * *"

The demurrer to the complaint having been properly sustained, it follows that the judgment of non-suit appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.