151 So.2d 750

Francis CLARK

v.

MOBILE COUNTY HOSPITAL BOARD.

1 Div. 904.

Supreme Court of Alabama.

April 4, 1963.

Vincent F. Kilborn and Benjamin H. Kilborn, Mobile, for appellant.

Armbrecht, Jackson, McConnell & De-Mouy, Mobile, for appellee.

GOODWYN, Justice.

Appellant filed suit against the "Mobile County Hospital Board, sometimes known as Mobile County Hospital, and sometimes known as Mobile General Hospital, a corporation," to recover damages for personal injuries allegedly received by him while a paying patient in said hospital.

Defendant's demurrer to the complaint, and each count thereof, was sustained. Plaintiff declining to plead further, a judgment of nonsuit was rendered, from which plaintiff prosecutes this appeal.

Appellant states in his brief that "the sole question involved is whether or not the Board is immune from suit by a paying patient for injuries received by said patient as a result of the negligence of the agents, servants, or employees of the Board." It is our view that this question must be answered in the negative for the reason that the Board (created by Act No. 105, appvd. June 30, 1955, Acts 1955, Vol. I, p. 350, as amended by Act No. 104, appvd. April 14, 1956, Second Special Session, Acts 1956, p. 427, and as amended by Act No. 201, appvd. Aug. 13, 1957, Acts 1957, Vol. I, p. 260), is a public agency performing a governmental function, thus rendering it immune from liability for torts.

An understanding of the general nature of the Board may be obtained by reading the caption of Act No. 105, viz.:

> "To create a Hospital Board in all counties of this state having a population of not less than 225,000 nor more than 400,000 inhabitants, according to the last or any subsequent Federal decennial census, provide for the appointment of the members of said Board, their terms of office and compensation, to require said counties and all municipalities located within said counties to make payments to said Hospital Board to aid in the operation of a hospital in said counties and to provide care for charity patients, to require said Hospital Board to operate a hospital in said counties and to prescribe the powers and duties of said Hospital Board, and to provide for meetings of said Board and a fiscal year for the operations of said Hospital Board."

There is no dispute that the Board is a public agency created for the purpose of providing public hospital facilities within the county on a non-profit basis. As to which unit of government it is an arm, instrument or agency, there is no need to decide. The decisive questions are: (1) Whether Act No. 105, as amended, provides for the performance by the Board of a "proprietary," as opposed to a "governmental," function in operating the hospital; (2) Whether the provision in the Act that the Board may "sue or be sued" constitutes a waiver of any immunity the Board might otherwise have against tort claims.

### (1)

Each count of the complaint alleges that the Board was operating the hospital for the treatment of both paying and charity patients. This was in accord with the requirements of Act No. 105.

It has long been recognized in this state that the operation by a county of a hospital where needy citizens may receive care and medical attention is the performance of a governmental function. The latest statement of this principle is the following from Garrett v. Escambia County Hospital Board, 266 Ala. 201, 203, 94 So.2d 762, 763, viz.:

> "The rule is firmly established in this state that where a county, in accordance with express legislative authority, operates a hospital where its needy may receive care and medical attention, it is performing a governmental duty and, hence, as an arm of the state it is immune from suit by indigent or pay patients for the negligence of its officers or employees unless

the act authorizing and empowering the county to operate the hospital expressly makes the county subject to suit for the torts of the officers, agents or servants entrusted with the operation and management of the hospital. Moore v. Walker County, 236 Ala. 688, 185 So. 175; Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542. The general provision that a county is a body corporate with power to sue and be sued does not deprive a county of the immunity from suit based on negligence so long as it is engaged in governmental functions. Laney v. Jefferson County, supra. See White v. Alabama Insane Hospital, 138 Ala. 479, 35 So. 454; Shaffer v. Monongalia General Hospital, 135 W.Va. 163, 62 S.E.2d 795; 25 A.L.R.2d 224–225."

In the Garrett case the plaintiff was a paying patient, just as the plaintiff in the case before us.

In Moore v. Walker County, 236 Ala. 688, 691, 185 So. 175, 178, supra, cited in the Garrett case, it was said:

"The fact that the county required or received pay, from such of the patients in the hospital as were able to pay, cannot serve to destroy the charitable character or purposes of the hospital, nor convert it into a proprietory institution. It still remained a charitable hospital, operated as a governmental institution. * * *"

The above holding in Moore v. Walker County was approved in Laney v. Jefferson County, 249 Ala. 612, 615–616, 32 So.2d 542, 543, 544, also cited in the Garrett case, supra. In Laney, it was observed:

"* * * The nature of the public business is not controlled by the fact that a charge was made. Williams v. City of Birmingham, 219 Ala. 19, 121 So. 14."

We see no persuasive reason why the foregoing principles should not apply equally as well to the public hospital board created by Act No. 105, as amended.

(2)

As originally enacted on June 30, 1955, Act No. 105 contained no provision with reference to suits by or against the Board. By amendment on August 13, 1957 (Act No. 201, appvd. Aug. 13, 1957, Acts 1957, Vol. I, p. 260, amending § 6 of Act No. 105) provision was made whereby the Board could "sue and be sued." The Act has never contained any other provision with respect to suits against it. The provision that the Board may "sue and be sued" does not expressly make the Board subject to suit for the torts of its officers, agents or servants, and is not to be construed as depriving the Board of "immunity from suit based on negligence so long as it is engaged in governmental functions." See: Garrett v. Escambia County Hospital Board, 266 Ala. 201, 203, 94 So.2d 762, 763, supra; Laney v. Jefferson County, 249 Ala. 612, 614, 32 So.2d 542, supra; White v. Alabama Insane Hospital, 138 Ala. 479, 483, 35 So. 454, supra. For annotation on the question, see 25 A.L.R.2d 224–225, § 9.

The judgment of nonsuit is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.