184 So.2d 825

**Fred THOMPSON, Jr., Adm'r,**

**v.**

**DRUID CITY HOSPITAL BOARD.**

**6 Div. 242.**

Supreme Court of Alabama.

March 31, 1966.

Ralph R. Williams and Geo. W. Nichols, Jr., Tuscaloosa, for appellant.

Dominick, Roberts & Davidson and Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, for appellee.

SIMPSON, Justice.

Appellant sued the Druid City Hospital, "an agency of the City of Tuscaloosa and County of Tuscaloosa" to recover damages for breach of contract "resulting in the death of plaintiff's intestate". The complaint was amended in an effort to reach appellee's liability insurance coverage as a non-charitable asset of the appellee hospital. Demurrer to the complaint as last amended was sustained. Plaintiff took a nonsuit and this appeal followed.

The appellant admits that under the existing law of this state, as last expressed in Clark v. Mobile County Hospital Board, 275

Ala. 26, 151 So.2d 750, it is firmly establish-ed that

"'* * * where a county, in accord-ance with express legislative authority, operates a hospital where its needy may receive care and medical attention, it is performing a governmental duty and, hence, as an arm of the state it is im-mune from suit by indigent or pay pa-tients for the negligence of its officers or employees unless the act authorizing and empowering the county to operate the hospital expressly makes the county subject to suits for the torts of the offi-cers, agents or servants entrusted with the operation and management of the hos-pital.'"

However, the appellant notes that this court has not had before it the question of what effect, if any, does the procurement of liability insurance have on the traditional immunity.

The Druid City Hospital Board was created by the Legislature of Alabama by Act No. 540 of the 1947 Regular Session. Section 15 of the act provides:

"The Druid City Hospital Board here-by created is, and is to be, taken, treated and construed as, an agency of Tusca-loosa County and the City of Tuscaloosa to construct, equip, carry on, maintain and operate a general public hospital mainly for charity in manner and form permitted and authorized by law, and the Druid City Hospital Board created here-by shall have all the immunities, powers, rights and authority inhering in or con-ferred upon, hospitals operated by the several counties of Alabama under the law of Alabama."

We have, therefore, no dispute that the Board is a public agency entitled under the act to the usual immunities. The only question involved here is what effect the procurement of liability insurance has on this immunity.

The appellant argues that once liability insurance is procured the reason for the rule of immunity disappears—i. e., the pro-tection of public funds, and notes that en-lightened jurisdictions recognize this and hold that in this situation the immunity is waived. We will concede that some juris-dictions have so held. However, the appel-lant fails to note that in many if not most of these jurisdictions, the courts were con-struing statutes passed by the legislatures of these states expressly waiving govern-mental immunity from tort liability to the extent that such liability is within the cov-erage of a policy of insurance issued to that governmental unit. In an annotation at 68 A.L.R.2d 1437, it is noted that "the prevailing view on the question under an-notation is that a governmental unit's im-munity from tort liability is unaffected by its procurement of insurance which pur-ports to protect it from such liability", cit-ing in support of such statement cases from many jurisdictions.

Regardless of what our personal or private views might be on a matter of this kind, this court still prefers to be labeled "unprogressive and unenlightened" (we think a better expression would be "conserv-ative") than to usurp the traditional pow-ers and duties of the legislature. To adopt the position urged by appellant would be not only to go against the weight of au-thority but to do so without legislative sanc-tion. If and when the legislature sees fit to change the existing law in Alabama, this court will perform its function in conformi-ty thereto. Until then, we shall content ourselves with the performance of our ju-dicial function as best we can and leave the law making function to the legislative branch.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.