223 So.2d 583

Johnnie JENKINS, as Administrator

v.

HOUSTON COUNTY HOSPITAL BOARD et al.

4 Div: 351.

Supreme Court of Alabama.

May 29, 1969.

Richard H. Ramsey, III and J. Huntley Johnson, Dothan, for appellant.

Alto V. Lee, III, Wm. G. McKnight and Wm. L. Lee, III, Dothan, for appellees.

**BLOODWORTH, Justice.**

This appeal is from an adverse ruling of the circuit court of Houston County sustaining a plea in abatement filed by defendants, The Houston County Hospital Board, et al., on grounds of government immunity from tort liability.

Suit was filed by Johnnie Jenkins, as administrator of the estate of Leon Jenkins, deceased, seeking damages for the death of plaintiff's intestate. Defendants' plea in abatement raised the point that The Houston County Hospital Board is a public agency engaged in the performance of a governmental function as an arm of the State of Alabama, and is thus immune from suit for the alleged negligence of its officers or employees resulting in the death of plaintiff's intestate.

Plaintiff filed a demurrer to the plea in abatement on grounds inter alia that the plea fails to state matters in abatement, but rather in bar. It appears that there was no ruling thereon, nor is this matter mentioned in brief. Thus, we pretermit any comment thereon.

We have only the one assignment to consider on this appeal, whether the trial court erred in sustaining defendants' plea in abatement. Plaintiff quite frankly asks us to recede from the doctrine of government immunity from tort liability on the ground that such a rule is archaic and unsound.

Other jurisdictions have judicially abandoned the rule of government immunity for tort liability.[1] In Muskopf v. Corning Hospital District (1961), 55 Cal.2d 211, 11 Cal. Rptr. 89, 359 P.2d 457, the California Court analyzed the origin of the rule which emanates from the case of Russell v. Men of Devon (1788), 100 Eng.Rep. 359, and concluded that the rule "* * * must be discarded as mistaken and unjust."

In *Muskopf*, supra, an action against the hospital district was brought by a paying patient who alleged that because of the negligence of the hospital staff she fell and reinjured the broken hip for which she was being treated. The court stated that the rule of governmental immunity is an "* * * anachronism, without rational basis, and has existed only by the force of inertia." The court concluded that it was so riddled with exceptions, legislative and judicial, as to be practically non-existent.

Our sister State of Florida has also receded from its prior decisions which held that a municipal corporation is immune from liability for the torts of police officers. In Hargrove v. Town of Cocoa Beach (1957), 96 So.2d 130, 60 A.L.R.2d 1193, the Supreme Court of Florida, en banc, held that "* * * when an individual suffers a direct, personal injury proximately caused by the negligence of a municipal employee while acting within the scope of his employment, the injured individual is entitled to redress for the wrong done. * * *" The court also stated:

"Assuming that the immunity rule had its inception in the Men of Devon case, and most legal historians agree that it did, it should be noted that this case

---

1. See Brinkman v. City of Indianapolis (Ind.App.1967), 231 N.E.2d 169, for list of these jurisdictions.

was decided in 1788, some twelve years after our Declaration of Independence. Be that as it may, our own feeling is that the courts should be alive to the demands of justice. We can see no necessity for insisting on legislative action in a matter which the courts themselves originated."

Nevertheless, as we have so often observed the rule in Alabama is that a county hospital is engaged in the performance of a governmental function, is an arm of the State, and is immune from suit for the torts of its officers, agents or servants.

While there may be some valid arguments in support of decisions in those jurisdictions which have abrogated the rule of government immunity, and while we can sympathize with the plight of one who has no remedy for the injury or wrong he has suffered, we feel constrained to adhere to the position established by our prior decisions that the question of whether the doctrine of sovereign immunity from tort liability should be modified is a matter which addresses itself to the legislature. Paul v. Escambia County Hospital Board (1969), 283 Ala. 488, 218 So.2d 817; Thompson v. Druid City Hospital Board (1966), 279 Ala. 314, 184 So.2d 825; Garrett v. Escambia County Hospital Board (1957), 266 Ala. 201, 94 So.2d 762.

Therefore, we hold that the trial court correctly sustained the plea in abatement, and its judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.