255 So.2d 328

James Edward SMITH

v.

**HOUSTON COUNTY HOSPITAL BOARD.**

4 Div. 412.

Supreme Court of Alabama.

Dec. 2, 1971.

Ramsey & Johnson, Dothan, for appellant.

Alto V. Lee, III, William L. Lee, III, William G. McKnight, Dothan, for appellee.

McCALL, Justice.

The plaintiff appeals from a judgment of voluntary nonsuit suffered by him because of an adverse ruling of the trial court in sustaining the defendant's demurrer to the amended complaint which consists of counts three through eight inclusive.

The question is what form of action is stated in these several counts; that is, do they allege an action ex contractu or ex delicto? The plaintiff argues that count three of the amended complaint avers a breach of an implied contract wherein and whereby:

"* * * for valuable consideration, defendant impliedly contracted, undertook, promised and agreed to nurse and care for said plaintiff on said date and to furnish to the said plaintiff all the special facilities offered by it in the regular course of its operations of said hospital all for the purpose of administering medication to the plaintiff in the said hospital's aforementioned emergency room; to furnish said facilities and services in and about the administering of the aforesaid medication with reasonable skill diligence; that on said date, pursuant to said contract, the plaintiff entered the said emergency room so operated by the defendant, after having agreed to pay all reasonable compensation and charges and subsequently paying all such charges for the said facilities to be used and services to be rendered by the defendant, but that said defendant did not perform or fulfill its contract to nurse and care for the said plaintiff and to administer the said medication to the plaintiff, but on the contrary, *the defendant* on the aforementioned date, the 27th day of March, 1967, *administered to the plaintiff, certain medication by injection with a hypodermic syringe,* and in violation of the said contract with the plaintiff, and in violation of the terms of the implied contract, administered the said medication *in such a way as to inject the said medication into the nerves of the plaintiff's right arm with the consequence that the nerves of the plaintiff's right arm* and the superficial radial nerve and the median nerve of plaintiff's right arm were injured and damaged and *were permanently injured and permanently damaged* and as a proximate consequence thereof, the plaintiff's said right arm was rendered per-

manently damaged, permanently useless, and permanently incapacitated, and the plaintiff was caused to suffer pain and mental agony *and the plaintiff received all of such injuries as a proximate consequence of the breach of the said implied contract.* The plaintiff further avers that *no other service was sought* from the defendant other *than the administering of the* aforementioned *medication which the defendant contracted and undertook to administer."* (Italics supplied)

Count four is much the same as count three above, but adds to the charging part "and in violation of the implied contract to use reasonable skill and diligence, administered the said medication in such a way as to inject" it into the nerves of the plaintiff's right arm.

Count five is likewise similar to count three, but adds that the defendant impliedly contracted to furnish said special facilities and administer the said medication in a workmanlike manner. The wrong charged is that in violation of the implied contract to offer the said facilities and to perform said services in a workmanlike manner, the defendant administered the said medication in such a way as to inject it into the nerves of the plaintiff's right arm.

The plaintiff concedes in his brief that count six does not sufficiently state the implied contract, so we will not consider this count.

The plaintiff characterizes count seven as an action for the breach of an implied contract, the gravamen of which is that the contract was to administer medication and that when the medication was administered, it was administered into the nerve of the plaintiff thereby crippling his arm.

The plaintiff contends that the form of all of these counts sounds in contract. After carefully reading and studying each count, we consider that they do not aver a breach of any alleged promise made by the defendant hospital, but they aver a breach of a duty implied in law, a tort. The duty alleged to have been violated, is not averred in the count as a term of the contract to be performed, as may be the case in an express contract; and the law does not imply such a contractual duty. The duty arises not in the terms of the contract, but because the law imposes the duty not to wrongfully injure the plaintiff in doing the act. When that duty is breached, an action in tort only is available, because no express or implied contract is breached.

In Waters v. American Cas. Co. of Reading, Pa., 261 Ala. 252, 258, 73 So.2d 524, 529, we said:

"* * * When the contract does not in terms require reasonable care in doing the act stipulated to be done, the law imposes a duty—but does not imply a contract—to exercise due care in doing the act; and, therefore, when negligence exists in doing that act an action in tort only is available because there is no express or implied contract which is breached. * * *"

And in Vines v. Crescent Transit Co., 264 Ala. 114, 119, 85 So.2d 436, 440, the court said:

"It will be observed that a negligent failure to perform a contract express or implied (as alleged in count B) is but a breach of the contract. But if in performing it, it is alleged that defendant negligently caused personal injury or property damage to plaintiff, the remedy is in tort, for it is not the breach of a contract express or implied, but the breach of an implied duty to exercise due care not to injure plaintiff or her property which is the gravamen of the action. * * *"

We think the distinction between the nature of the two actions, contract and

case, is well stated in Mobile Life Insurance Co. v. Randall, 74 Ala. 170, at 178, where the court said:

"* * * if the transaction had its origin in a contract, which places the parties in such relation as that, in performing or attempting to perform the service promised, the tort or wrong is committed, then the breach of the contract is not the gravamen of the suit. * * * The wrongful act, outside of the letter of the contract, is the gravamen of the complaint; and in all such cases, the remedy is an action in the case. * * * The contract is mere inducement, and the action is on the case. * * *"

Garig v. East End Memorial Hospital, 279 Ala. 118, 182 So.2d 852, is a case in point as to whether an alleged action should be deemed to sound in case (tort) or in assumpsit (contract). There the plaintiff alleged that she contracted with the defendant for general hospital care and treatment for her injury, and that she performed her contract by paying all hospital charges. She further averred that the defendant breached the contract by moving or turning her in bed in such a rough manner as to proximately cause the prosthesis, attached to the femur in her leg, to come out of its socket. The count then characterized this conduct as a breach of contract. In its opinion, the court said:

"The alleged contractual obligation in each count is 'to furnish to plaintiff general hospital care and treatment.' There is no averment of any specific terms in the contract requiring the exercise of reasonable care in performing the contract. In the absence of express terms to this effect in the contract, such terms will not be implied. Waters v. American Casualty Co., supra [261 Ala. 252, 73 So. 524].

"In effect each count asserts that the defendant was engaged in performing the contract at the very time that plaintiff was injured by turning her in bed, clearly a breach of an implied non contractual duty not to injure the plaintiff— which as stated in Vines, supra, is the duty 'not to negligently cause her to be injured in performing the contract (a breach of which is actionable ex delicto).'"

The case of Paul v. Escambia County Hospital Board, 283 Ala. 488, 218 So.2d 817, can be distinguished from Garig, supra, and the counts under consideration. In Paul, the plaintiff alleged that for a valuable consideration the defendant undertook or promised to "nurse and care for the said Plaintiff * * * and to furnish * * * all such special facilities offered by it in the regular course of its operation" of the defendant hospital for the purpose of delivering or giving birth to the plaintiff's expectant child. The plaintiff further alleged that after promising to do so, the defendant did not perform or fulfill its contract to nurse and care for the plaintiff and to assist in the delivery or birth of her expectant child, but on the contrary totally failed to perform its promise. The court held that the complaint charged the defendant with a failure to perform the contract, but in so holding, the court further said that had the defendant undertaken to perform by administering to the plaintiff in the delivery of her child, and performed its duty in a negligent manner, the plaintiff's cause of action would have been based upon negligence and barred under the doctrine of governmental immunity.

In count eight the plaintiff alleges as follows: "defendant agreed to administer certain medication in the form of a shot or injection in a skillful and workmanlike manner in consideration for which the plaintiff agreed to pay and did pay the sum of Five ($5.00) Dollars." The breach averred is: "The defendant administered the said medication in an unskillful and unworkmanlike manner in such a way as to

inject the said medication into the nerves of the plaintiff's right arm, * * * and as a proximate consequence thereof, the plaintiff's right arm was rendered permanently damaged * * *."

■ It is to be noted that this count does not allege that as a specific term of the contract, the defendant was required to administer the medication in a skillful and workmanlike manner. In the absence of express terms to this effect in the contract such terms will not be implied. Garig v. East End Memorial Hospital, supra; Waters v. American Casualty Co., supra. We cannot determine whether the alleged agreement to administer in a skillful and workmanlike manner is one that arose by implication in law, the breach of which gives rise to a tort action, or one, created by express terms of the contract, the breach of which gives rise to an action in assumpsit. In such case, we must presume the former since all presumptions are indulged against the pleader on demurrer. Ramsey v. Sentell Oil Co., 280 Ala. 475, 195 So.2d 527; Vulcan Materials Co. v. Grace, 274 Ala. 653, 151 So.2d 229; McKinley v. Simmons, 274 Ala. 355, 148 So.2d 648. If the plaintiff is to rely on contract as his form of action, he should allege that the defendant agreed, as a term of the contract, to perform with reasonable care, skill, and diligence, because there is no implied contract or promise to do so. *Garig,* supra.

The defense of governmental immunity was set up in the former litigation between these same parties and was held to bar recovery in an action ex delicto. Smith v. Houston County Hospital Board, 284 Ala. 733, 223 So.2d 585. Therefore, the plaintiff, having failed to state his cause of action in contract, the judgment is due to be affirmed.

Affirmed.

COLEMAN and BLOODWORTH, JJ., concur.

HEFLIN, C. J., concurs in the result.

MADDOX, J., concurs specially.

HEFLIN, Chief Justice (concurring in the result).

I concur in the result of affirmance, but not in the language of the opinion.

MADDOX, Justice (concurring specially).

I believe this appeal to us for the second time points out the futility of attempting to widen the crack made in the "governmental immunity" wall by Paul v. Escambia County Hospital Board, 283 Ala. 488, 218 So.2d 817 (1969).

My own personal view is that this Court should have never insulated county operated hospitals from tort liability in cases involving paying patients on the ground that counties operating such hospitals are engaged in a "governmental function." But it has, and not on just one occasion, but on several. See Jenkins v. Houston County Hospital Board, 284 Ala. 180, 223 So.2d 583 (1969); Thompson v. Druid City Hospital Board, 279 Ala. 314, 184 So.2d 825 (1966); Clark v. Mobile County Hospital Board, 275 Ala. 26, 151 So.2d 750 (1963); Garrett v. Escambia County Hospital Board, 266 Ala. 201, 94 So.2d 762 (1957); Moore v. Walker County, 236 Ala. 688, 185 So. 175 (1938); Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542 (1947).

As I said as author of the opinion in Hutchinson v. University Board of Trustees, (decided November 11, 1971), 287 Ala. ——, 256 So.2d 281, the question of governmental responsibility is a pressing one, but the Legislature is the body which will have to deal with it in view of the interpretations which have been heretofore rendered with regard to governmental immunity.