268 So.2d 824

Betty B. STEPHENS

v.

DRUID CITY HOSPITAL BOARD, an agency of the City of Tuscaloosa, Alabama, et al.

Civ. 90.

Court of Civil Appeals of Alabama.

Nov. 8, 1972.

Henley & Northington, Northport, for appellant.

Roberts & Davidson, Tuscaloosa, for appellees.

HOLMES, Judge.

This is an appeal from a judgment of a nonsuit suffered by the plaintiff-appellant, occasioned by the trial court's sustaining defendant-appellee's demurrer to plaintiff's complaint as last amended.

Plaintiff's complaint as last amended consisted of thirteen counts and plaintiff assigns as error the trial court's sustaining of defendant's demurrers to each of said counts.

Plaintiff's Count Two reads as follows:

### "COUNT TWO:

"The plaintiff claims of the defendant FIVE THOUSAND ($5,000.00) DOLLARS for that heretofore, on, to-wit, August 6, 1969 the Defendant was engaged in the operation of a hospital at Tuscaloosa, Alabama known as Druid City Hospital, for the treatment of patients, which patients required special medical attention and other treatment, and which facilities and services were maintained and offered both for paying patients, including an operating room and recovery room or rooms. Such services and special medical attention to be provided by the defendant included assistance to surgeons and anesthesists in and about performing operations on patients, and included special assistance and attention to patients during and after said operations. In the regular course of the said operation of said hospital, the defendant hired, paid and maintained a regular staff of technicians, nurses and employees to care for and administer to said persons who underwent or who were to undergo such operation. On the same date alleged hereinabove, the plaintiff entered into an implied contract with the Defendant wherein and whereby, for valuable consideration, Defendant impliedly contracted, undertook, promised and agreed to nurse and care for the said Plaintiff on said date and to furnish to the said Plaintiff all such special services and attention offered by it in the regular course of its operation of said hospital, all for the purpose of assisting a surgeon and anesthesist in performing an operation on the plaintiff for the removal of a tumor, and for the purpose of observing the plaintiff and caring for her in the recovery room after the said operation. On said date, pursuant to said contract, the Plaintiff entered the said hospital so operated by the Defendant, after having agreed to pay all reasonable compensation and charges (and subsequently paying all such charges) for the said facilities to be used, and services to be rendered by the Defendant; but the Defendant did not properly perform or properly fulfill its contract to nurse and care for the said Plaintiff and to assist the said surgeon and anesthesist in the operation to remove plaintiff's said tumor, and Defendant did not properly perform or properly fulfill its contract to nurse and care for the plaintiff by properly observing and caring for her in the recovery room or operating room; but on the contrary, the defendant failed to give the plaintiff and the said surgeon and anesthesist proper assistance, supervision and attention, and the defendant failed to observe and attend the plaintiff while she was in a deep sleep or unconscious as a result of the anesthesia given to her as a part of the said operation, and while she was asleep or unconscious one of the plain-

tiff's teeth was so loosened by something or some person unknown to plaintiff that it was almost extracted, and three more of her teeth were so loosened by something or some person unknown to plaintiff so that they had to be removed, all in violation of the terms of the implied contract. As a direct and proximate consequence of the Defendant's breach of said contract the plaintiff lost four of her front teeth and the plaintiff incurred expenses for medical attention and to replace these four teeth, and she suffered from embarrassment and humil[i]ation during the period of time that her teeth were out, and she has lost four of her permanent teeth which were healthy and firmly in place before the operation and she was caused to suffer pain and mental agony.

"The Plaintiff received all of such injuries as a proximate consequence of the breach of the said implied contract by the defendant."

From briefs, it is apparently conceded that the trial court's ruling was based upon the fact that defendant-hospital had been given governmental immunity from suits for the torts of its officers, agents or servants and that plaintiff's complaint was for an action *ex delicto*.

■ We are clear to the conclusion that Act No. 540, Regular Session, Alabama Legislature of 1947, grants to the defendant governmental immunity for the torts of its officers, etc. This act was specifically so interpreted in Thompson v. Druid City Hospital Board, 279 Ala. 314, 184 So.2d 825.

Plaintiff makes two dispositive contentions in his brief: (1) that hospital immunity should be abolished in Alabama, and (2) that the complaint alleges an action *ex contractu (assumpsit)* and not *ex delicto* (tort).

As to the first contention, we need only refer to Mr. Justice Maddox's statement in his concurring opinion in Smith v. Hous-

ton County Hospital Bd., 287 Ala. 705, 255 So.2d 328, which originally appeared in Hutchinson v. Bd. of Trustees of University of Ala., 288 Ala. 20, 256 So.2d 281, and is as follows:

"[T]he question of governmental responsibility is a pressing one, but the Legislature is the body which will have to deal with it in view of the interpretations which have been heretofore rendered with regard to governmental immunity.'" (255 So.2d at 332)

See also Garrett v. Escambia County Hospital Bd., 266 Ala. 201, 94 So.2d 762.

■ While plaintiff-appellant makes to this court a well reasoned and thoroughly researched argument for the abolition of governmental immunity, this court is bound by law to follow the latest decisions of the supreme court which consistently hold the legislature is the body which will have to deal with the question of whether the doctrine of sovereign immunity which exists in this state should be modified.

Plaintiff's second contention is not disposed of so readily.

Mr. Justice Simpson, in Paul v. Escambia Co. Hospital Bd., 283 Ala. 488, 218 So. 2d 817, a case similar to the one now before us, stated that under the cases it is a close question as to whether or not a count is *ex contractu* or *ex delicto*. The supreme court, in *Paul, supra,* held that the complaint in that case alleged a cause of action *ex contractu*. This court is reminded of a sports expression, to wit, "It's too close to call." We can only sympathize with the learned trial judge in his attempt in this case to make the correct determination.

The following principles of law as stated by the supreme court are perhaps helpful in describing actions *ex contractu* and actions *ex delicto*.

In Wilkinson v. Moseley, 18 Ala. 288, quoted in Mobile Life Insurance Co. v. Randall, 74 Ala. 170, the supreme court

said, on the question of whether or not a count was in contract or in tort, that

> " 'Perhaps the best criterion is this: if the cause of action, as stated in the declaration, arises from a breach of promise, the action is ex contractu; but, if the cause of action arises from a breach of duty growing out of the contract, it is in form ex delicto, and case.' " (74 Ala. at 177)

In Tennesssee Coal, Iron & R. Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459, the supreme court further said on the question:

> "A complaint for the breach of a contract in *not performing* the obligation there expressed, or not doing it in the way specified, is not in tort,
>
> . . . If defendant *omits to enter upon the duty to perform,* however negligent that might be, that is not a negligent performance and *not a tort.* But if he does undertake to perform, his performance may be negligent, giving rise to a tort. . . .
>
> . . . . . .
>
> "But even when the complaint shows that the breach of the contract was also a negligent failure to perform a duty which the law imposes by reason of such contract, *the injured employee may sue either for the breach of the contract when he is a party to it, or it is made for his direct benefit, or may sue in tort for the breach of the duty imposed by law.* . . ." [Emphasis added] (258 Ala. at 349, 350, 62 So.2d at 463, 464)

Plaintiff's Count Two attempts to track the complaint in the *Paul* case, supra. Here, as in the *Paul* case complaint, Count Two's allegations state that the cause of action sued on is failure of the defendant-hospital to perform its promise to nurse and care for plaintiff. Specifically, it is alleged that defendant-hospital failed to observe and attend plaintiff in the recovery room and failed to give plaintiff super-

vision and attention, all after having undertaken to do so by accepting the plaintiff as a patient. Particular attention is called to that portion of Count Two which reads as follows:

> "[B]ut on the contrary, the defendant failed to give the plaintiff and the said surgeon and anesthesist proper assistance, supervision and attention, and the defendant *failed to observe and attend the plaintiff while she was in a deep sleep* . . ." [Emphasis addd]

The above language to this court is the gravamen of the count.

■ Under the above cases, this court concludes that Count Two states a cause of action for breach of contract for failure of the defendant-hospital to perform as the count cannot be sensibly distinguished from *Paul, supra.*

As the supreme court did in *Paul,* we quote from Vines v. Crescent Transit Co., 264 Ala. 114, 119, 85 So.2d 436, 440:

> "It will be observed that a negligent *failure* to perform a contract express or implied (as alleged in count B) is but a breach of the contract. But if in performing it, it is alleged that defendant negligently caused personal injury or property damage to plaintiff, the remedy is in tort, for it is not the breach of a contract express or implied, but the breach of an implied duty to exercise due care not to injure plaintiff or her property which is the gravamen of the action. . . ."

This court is aware of Smith v. Houston Co. Hospital Bd., *supra,* wherein the supreme court, in a case involving the question of whether an action against a hospital was *ex contractu* or *ex delicto,* determined that the plaintiff's complaint was an action in tort. However, the court, in the *Smith* case, *supra,* distinguishes the *Paul* case, *supra,* and cites it with approval. We think the count in this case is a *Paul* case count, but needless to say, is under our cases a "close question."

Counts Three, Six, Seven, Two-A, Three-A, Six-A, and Seven-A of appellant's amended complaint are, to this court, counts that allege an action *ex contractu* for failure of defendant-hospital to perform as these counts, too, follow or are so similar to the complaint in the *Paul* case, *supra,* as to be undistinguishable.

 Counts Four, Five, Four-A, and Five-A are couched in language that requires us to reach a different conclusion. We particularly note the following language as it appears in Count Four: "Plaintiff further avers that the defendant at said time and place breached their said contract with plaintiff by failing to *properly watch* and care for her. . . ." [Emphasis added] The following also appears in Count Four: " . . ., and otherwise failing to exercise *reasonable care* and *caution for her safety,* etc. . . ." [Emphasis added] Similar language appears in Counts Five, Four-A, and Five-A. As Mr. Justice Harwood found in Garig v. East End Memorial Hospital, 279 Ala. 118, 182 So.2d 852, we find that these counts (Four, Five, Four-A, and Five-A), in effect, assert that defendant was engaged in performing the contract at the very time plaintiff was injured, and is the breach of an implied non-contractual duty not to injure plaintiff, i. e., an alleged tort, and subject to demurrer because of the aforementioned governmental immunity enjoyed by defendant-hospital. See Vines v. Crescent Transit Company, *supra,* and Smith v. Houston Co. Hospital Bd., *supra.* In interpreting these counts we follow the rule that all presumptions are indulged against the pleader on demurrer (Ramsey v. Sentell Oil Co., 280 Ala. 475, 195 So.2d 527), and find the trial court's ruling, as to these counts, correct.

Assignment of Error No. 1 not being argued is thereby waived. See Rule 9, Revised Rules of the Supreme Court of Alabama.

In reaching the conclusion that certain of the counts in appellant's amended complaint do state a cause of action *ex contractu,* we are most mindful that this matter is before us in the pleading stage and we only have before us appellant's allegations.

We, therefore, while appreciating the difficulty experienced by the learned trial court, find that the trial court was in error in sustaining the demurrer to Counts Two, Three, Six, Seven, Two-A, Three-A, Six-A, and Seven-A. All assignments of error properly presented having been considered, the case is therefore

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.