185 So. 175

## MOORE v. WALKER COUNTY.

### 6 Div. 428.

Supreme Court of Alabama.

Dec. 8, 1938.

Curtis & Maddox and Wiggins & Elliott, all of Jasper, for appellant.

Bowers, Dixon & Dunn, of Birmingham, for appellee.

KNIGHT, Justice.

This is a suit by the plaintiff, Della Moore, as administratrix of the estate of Marvin Moore, deceased, against Walker County, under the Homicide Act, Code 1923, § 5696.

The plaintiff stated her case in four counts. To these several counts the defendant-county separately demurred, taking the point, inter alia, that the defendant was a political subdivision of the state, and as such a governmental agency, and not subject to suit for the claimed wrongful death of plaintiff's intestate, under the stated facts in the complaint.

The court sustained defendant's demurrers, and, thereupon, in view of this adverse ruling of the court, the plaintiff was forced to a non-suit, and this appeal.

It is averred in the complaint that the defendant, at the time of the occurrence of the matters complained of, was engaged in operating a hospital at Jasper, Alabama; that the plaintiff's intestate entered this hospital as a paying patient, was operated on for appendicitis, and died while a patient therein. It is also averred that the death of plaintiff's intestate was proximately caused by the negligence of a nurse, a servant or agent of defendant, in negligently permitting or allowing the deceased to fall from his hospital bed while still under

the anesthetic, administered when the operation was performed.

We may here observe that, if the defendant county, in the prosecution of its business of operating this hospital, was subject to suit for the negligent act of its agents, servants or officers, resulting in the death of a third person—a patient in the hospital—the complaint is quite sufficient in its averments to fasten liability for such wrongful act on the defendant.

In his statement of the facts of the case, the appellant's counsel says that "Walker County, Alabama, was authorized and empowered by Act of the Legislature (Local Acts 1935, p. 157) to equip, maintain and operate a hospital for the reception of sick, wounded, or persons in need of hospital treatment; that it was authorized to make appropriations to pay for charity patients and it was authorized to receive fees and charges from other patients."

We find by reference to said act that the Legislature of Alabama authorized and empowered Walker County to equip, maintain and operate a county hospital for the reception of the sick, wounded and infirm or persons in need of hospital treatment, and to make appropriation out of the County Treasury "to aid in maintaining and taking care of such sick, wounded or infirm, or persons needing hospitalization who are unable to provide for themselves, and to equip said hospital with standard equipment."

It is further provided in said act that the hospital should be operated "mainly as a charitable institution and not for gain or profit, but may admit patients who are able to pay and to charge admission to said hospital [for] such persons who are able to pay and to fix and collect a reasonable charge therefor." Section 2. All moneys received from fees and charges for such patients who are able to pay, it is provided, shall be applied to the payment of expenses of operating said hospital.

Section 6 of the act provides: "That the County Commission, Board of Revenue, or other governing body of the County of Walker, shall appropriate from the County Treasury of said county for the maintenance and operation of said hospital, such sums of money as are necessary for the successful operation of said hospital, not to exceed $1500.00 per month. Provided that $500.00 additional may be appropriated as an emergency fund monthly."

It will be noted that there is no provision in said act providing for suit against the county for any dereliction of duty on the part of said county, nor for any torts committed by any of its officers, servants or agents in the operation and management of said hospital.

It is well settled in this jurisdiction that while a county has corporate characteristics, it is not, strictly speaking, a municipal corporation as is a city or town. A county is an involuntary political or civil subdivision of the state, created to aid in the administration of the government. It is an arm of the state, through which the state operates for convenience in the performance of its governmental function. As pointed out in the case of Askew v. Hale County, 54 Ala. 639, 25 Am.Rep. 730, and reaffirmed in our recent case of Montgomery, Superintendent of Banks, v. State et al., 228 Ala. 296, 153 So. 394, a county "is in its very nature, character and purposes, public, and a governmental agency, or auxiliary, rather than a corporation. Whatever of power it possesses, or whatever of duty it is required to perform, originates in the statute creating it. * * * All the powers with which the county is entrusted, are the powers of the State, and all duties with which they are charged, are the duties of the State. If these were not committed to the county, they must be conferred on some other governmental agency. The character of these powers, so far as counties in this State are concerned, are all for the purposes of civil and political organization. The levy and collection of taxes, *the care of the poor,* * * * it is the general policy of the State to entrust to the several counties, *and are all but parts of the power and duty of the State.*"

The immunity of the state from suits for the negligence of its officers and employees is rested upon the English common-law doctrine, adopted here, that the "King can do no wrong." Counties, likewise, in performing their governmental functions, possess this same immunity, for the reason that they, in the performance of such duties, are but arms and aids of the state, operating for the state, and to that extent exercising a portion of its sovereignty.

The authorities are practically unanimous in holding that a county is not liable to an individual for an injury sustained, "because of its failure to exercise a governmental power with which it is

clothed, or because it is not exercised in the manner most conducive to the safety of the public; or because of the negligence or unskillfulness of its officers or agents, *in the absence of a statute expressly declaring the liability.*" (Italics supplied) Askew v. Hale County, supra; Ex parte State, 52 Ala. 231, 23 Am.Rep. 567; Hamilton v. Jefferson County, 209 Ala. 517, 96 So. 628; First Nat. Bank of Scottsboro v. Jackson County, 227 Ala. 448, 150 So. 690; 2 Dill Mun. Corp. Sec. 969; White v. Alabama Insane Hospital, 138 Ala. 479, 35 So. 454.

The act authorizing and empowering the defendant-county to equip, own and operate the hospital for the stated purposes nowhere makes the county subject to suit for any injuries which patients therein, whether indigent or pay, might suffer by reason of the negligence of the officers, agents or servants entrusted with the operation and management of the hospital.

The failure of the Legislature to provide for suits by supposedly aggrieved persons, persons who may have suffered injuries by reason of negligence on the part of the officers, agents or servants of the county in charge of the hospital, would seem to be a conclusive reason for holding the county immune from such suits.

From the earliest times it has been recognized that one of the mandatory and imperative duties of a civilized government was to make suitable provision for its needy citizens,—citizens who are unable to provide for themselves. Laws to that end fall squarely within the police power of the state. This state, in keeping with all other states of the American Union, has always, with respect to its unfortunate needy, had a most tender regard, and has from time to time made many humane provisions. The legislature has made it a governmental duty of the several counties to make suitable provision for the support and care of its indigent citizens.

So, then, in the operation of a hospital, where its needy might receive care and medical attention, Walker County was but performing a governmental duty, and exercising a governmental power, expressly conferred by the Legislature. Local Acts, 1935, p. 157; Riddoch v. State, 68 Wash. 329, 123 P. 450, 42 L.R.A.,N.S., 251, Ann.Cas.1913E, 1033.

The fact that the county required or received pay, from such of the patients in the hospital as were able to pay, cannot serve to destroy the charitable character or purposes of the hospital, nor convert it into a proprietory institution. It still remained a charitable hospital, operated as a governmental institution. The evident purpose of allowing the hospital to admit patients who were able to pay, and to charge admission fees to such persons, was to reimburse the county for expenditures. It is to be noted that all amounts which might be received from such sources were to be applied to defraying the expenses of operating said hospital.

We might here note that a similar situation has always prevailed in our hospital for the insane at Tuscaloosa. Nevertheless this Court has held, White v. Alabama Insane Hospital, 138 Ala. 479, 35 So. 454, that this institution was not liable in damages for the wrongful or negligent act of its agents or servants in the operation of a coal mine, which was being operated by the hospital to supply the institution with coal. This non-liability was placed solely upon the ground that the hospital was an arm or agency of the state, and was not liable in the absence of express statutory provision to that effect. To the same effect is the holding of this Court in the case of Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114.

In view of our conclusion that, in operating the hospital in question, the defendant was performing a governmental function, Section 181 of the Code does not impose liability upon the county for the negligent act of its servants or agents in operating the institution. Askew v. Hale County, supra; Hamilton v. Jefferson County, supra; Giles et al. v. Parker, 230 Ala. 119, 159 So. 826.

We are, therefore, of the opinion, and so hold, that the trial court committed no error in sustaining defendant's demurrer to the several counts of the complaint, and its judgment is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.