218 So.2d 817

**Frances P. PAUL**

**v.**

**ESCAMBIA COUNTY HOSPITAL BOARD.**

**3 Div. 337.**

Supreme Court of Alabama.

Feb. 6, 1969.

Brooks, Garrett & Thompson, Brewton, for appellee.

Owens & Patton, Bay Minette, for appellant.

SIMPSON, Justice.

This is an appeal from a judgment of non-suit suffered by the plaintiff, occasioned by the trial court's overruling the demurrer of the plaintiff to the defendant's pleas.

The plaintiff's complaint as last amended, to which such pleas were addressed, is as follows:

## "COUNT ONE:

"The Plaintiff claims of the Defendant, Escambia County Hospital Board, a corpo-

ration, organized pursuant to Alabama Code Title 22, Section 204(17) et seq., the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for that heretofore, on, to-wit, September 27, 1965, at 4:30 o'clock P. M., the Defendant was engaged in the operation of a hospital at Atmore, Alabama, known as Greenlawn Hospital, for the treatment of patients, which patients required special medical attention and other treatment, and which facilities and services were maintained and offered both for paying patients and for charity patients; that such facilities offered included a labor room and delivery room wherein expectant mothers might be cared for and children born and said Defendant in the regular course of the said operation of said hospital, hired, paid and maintained a regular staff of technicians and nurses to care for and administer to said expectant mothers and that on the same date alleged hereinabove, September 27, 1965, the said Plaintiff, who was an expectant mother, entered into an implied contract with the Defendant wherein and whereby, for valuable consideration, Defendant impliedly contracted, undertook, promised and agreed to nurse and care for the said Plaintiff on said date and to furnish to the said Plaintiff all such special facilities offered by it in the regular course of its operations of said hospital, all for the purpose of delivering or giving birth to the Plaintiff's expectant child; that on said date, pursuant to said contract, the Plaintiff entered the said hospital so operated by the Defendant, after having agreed to pay all reasonable compensation and charges and subsequently paying all such charges for the said facilities to be used and services to be rendered by the Defendant, but that said Defendant did not perform or fulfill its contract to nurse and care for the said Plaintiff and to assist in the delivery or birth of the expectant child, or to place the Plaintiff in the special facilities provided for expectant mothers, but on the contrary, the Defendant on September 28, 1965, administered to the Plaintiff a drug, said drug being for the purpose of hastening birth, and commonly known as the 'drip', and then in violation of the said contract the Defendant failed to place the plaintiff in the special facilities so contracted for, to-wit, the rooms known as labor rooms and delivery rooms and failed to give the Plaintiff assistance, supervision and attention and abandoned her by leaving her unattended in a semi-private room, all in violation of the terms of the implied contract and as a proximate consequence of the Defendant's breach of said contract the Plaintiff's said expectant child, when born unattended on September 28, 1965, in said semi-private room and at said hospital, with its mother's umbilical cord wrapped around the child's neck, choked and strangled to death, and the Plaintiff was caused to suffer pain and mental agony and the Plaintiff received all of such injuries as a proximate consequence of the breach of the said implied contract.

## "COUNT TWO:

"The Plaintiff claims of the Defendant, Escambia County Hospital Board, a corporation, organized pursuant to Alabama Code Title 22, Section 204(17) et seq., the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) for that heretofore, on, to-wit, September 27, 1965, at 4:30 o'clock P. M., the Defendant was engaged in the operation of a hospital at Atmore, Alabama, known as Greenlawn Hospital, for the treatment of patients, which patients required special medical attention and other treatment, and which facilities and services were maintained and offered both for paying patients and for charity patients; that such facilities offered included a labor room and delivery room wherein expectant mothers might be cared for and children born and said Defendant in the regular course of the said operation of said hospital, hired, paid and maintained a regular staff of technicians and nurses to care for and administer to said expectant mothers and that on the same date alleged hereinabove, September 27, 1965, the said Plaintiff, who was an expectant mother,

entered into an implied contract with the Defendant wherein and whereby, for valuable consideration, Defendant impliedly contracted, undertook, promised and agreed to nurse and care for the said Plaintiff on said date and to furnish to the said Plaintiff all such special facilities offered by it in the regular course of its operations of said hospital, all for the purpose of delivering or giving birth to the Plaintiff's expectant child; that on said date, pursuant to said contract, the Plaintiff entered the said hospital so operated by the Defendant, after having agreed to pay all reasonable compensation and charges and subsequently paying all such charges for the said facilities to be used and services to be rendered by the Defendant, but that said Defendant, after having accepted said contract, did on, to-wit, September 28, 1965, attempt to repudiate or abandon the same by seeking, demanding and threatening the removal of the Plaintiff from its premises, and failing therein, the said Defendant did not fulfill or perform its contract to nurse and care for said Plaintiff and to assist in the delivery or with the birth of the expectant child, or to place the plaintiff in the special facilities contracted for and provided for expectant mothers, but on the contrary, in violation of the terms of said contract, the Defendant failed to give the Plaintiff assistance, supervision and attention and failed to place the Plaintiff in the special facilities contracted for, to-wit, the delivery rooms and abandoned her by leaving her unattended in a semi-private hospital room, all in violation of the terms of the implied contract, and as a proximate consequence of the Defendant's breach of said contract, the Plaintiff's said expectant child, when born unattended on September 28, 1965, in said semi-private room and at said hospital, with its mother's umbilical cord wrapped around the child's neck, choked and strangled to death, and the Plaintiff was caused to suffer pain and mental agony and the Plaintiff received all of such injuries as a proximate consequence of the breach of the said implied contract."

The defendant filed pleas (1) denying the allegations of the complaint and (2) setting up the plea of governmental immunity.

 The following is undoubtedly the law in this state as last stated in Garrett v. Escambia County Hospital Board, 266 Ala. 201, 94 So.2d 762:

"The rule is firmly established in this state that where a county, in accordance with express legislative authority, operates a hospital where its needy may receive care and medical attention, it is performing a governmental duty and, hence, as an arm of the state it is immune from suit by indigent or pay patients for the negligence of its officers or employees unless the act authorizing and empowering the county to operate the hospital expressly makes the county subject to suit for the torts of the officers, agents or servants entrusted with the operation and management of the hospital. Moore v. Walker County, 236 Ala. 688, 185 So. 175; Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542. The general provision that a county is a body corporate with power to sue and be sued does not deprive a county of the immunity from suit based on negligence so long as it is engaged in governmental functions."

It is not argued by the appellant in this case that the foregoing principles do not apply. It is, on the other hand, the contention of the appellant that nothing in the foregoing statement precludes a suit for breach of contract against the defendant.

The trial court, in an excellent opinion written in this case in support of its ruling on demurrer, concluded that although the plaintiff had framed the two counts of her complaint in contract, in its opinion it sounded in tort and that the defendant's pleas raising the defense of governmental immunity were good.

 We can readily understand how the learned trial judge reached that conclusion.

However, in so doing, it overlooked the significance of those cases from this jurisdiction describing the difference in actions ex contractu and actions ex delicto. In Wilkinson v. Mosley, 18 Ala. 288, quoted in Mobile Life Insurance Company v. Randall, 74 Ala. 170, this court said on the question of whether or not a count was in contract or in tort that,

" 'Perhaps the best criterion is this: if the cause of action, as stated in the declaration, arises from a breach of promise, the action is ex contractu; but, if the cause of action arises from a breach of duty growing out of the contract, it is in form ex delicto, and case.' "

Likewise, in Tenn. Coal, Iron & Railroad Company v. Sizemore, 258 Ala. 344, 62 So.2d 459, we said on this question:

"* * * the breach of a contract in *not performing* the obligation there expressed, or not doing it in the way specified, is not in tort. * * * If defendant *omits to enter upon the duty to perform,* however negligent that might be, that is not a negligent performance *and not a tort.* But if he does undertake to perform, his performance may be negligent, giving rise to a tort." (Emphasis added.)

Continuing, the court said:

"But even when the complaint shows that the breach of the contract was also a negligent failure to perform a duty which the law imposes by reason of such contract, the injured [party] may sue either for the breach of the contract when he is a party to it, or it is made for his direct benefit, or may sue in tort for the breach of the duty imposed by law."

In this case the plaintiff has alleged a breach of contract in that she has alleged that for valuable consideration the defendant undertook or promised to "nurse and care for the said Plaintiff * * * and to furnish to the said Plaintiff all such special facilities offered by it in the regular course of its operation of said hospital, all for the purpose of delivering or giving birth to the Plaintiff's expectant child". The plaintiff further alleged that the defendant, after promising to so do, did not perform or fulfill its contract to nurse and care for the plaintiff and to assist in the delivery or birth of her expectant child, but on the contrary totally failed to perform its promise.

The allegations of these two counts clearly state that the cause of action sued on is failure of the defendant to perform its promise to attend the plaintiff in the delivery of her child and to make available to the plaintiff the facilities for childbirth which were available at the defendant hospital, all after having undertaken to do so by accepting the plaintiff as a maternity patient. Under the above cases, she has a remedy for breach of contract for failure of the defendant to perform.

It is further observed that the complaint in this case is essentially the same as the complaint filed in Vines v. Crescent Transit Company, 264 Ala. 114, 85 So.2d 436. There the court said:

"It will be observed that a negligent *failure* to perform a contract, express or implied * * * is but a breach of contract. But if in performing it, it is alleged that the defendant negligently caused personal injury or property damage to plaintiff, the remedy is in tort, for it is not the breach of a contract express or implied, but the breach of an implied duty to exercise due care not to injure plaintiff or her property which is the gravamen of the action."

So here, the gravamen of the two counts contained in the complaint involved in this case charges the defendant with breach of a contract implied in law for failure to perform. It is our conclusion that the case cannot be distinguished from Vines v. Crescent Transit Company, supra, and hold that both counts in this case are in assumpsit. In so holding, we are aware that under our cases, cited above, that it is a close question as to whether or not a count is ex

contractu or ex delicto. But the distinction still exists. Had the defendant in this case undertaken to perform the contract by administering to the plaintiff in the delivery of her child and performed its duty in a negligent manner, thereby causing the plaintiff injury, then the plaintiff's cause of action based upon such negligence would have been barred under the doctrine of governmental immunity. However, the defendant in this case having agreed to do so, allegedly breached its contract in failing to perform any part thereof. As noted in Vines v. Crescent Transit Company, supra, such a failure (if it can be proved) gives rise to a breach of contract action.

The learned trial court in reaching its conclusion that the defendant's pleas were good, recognized the applicability of the principles enunciated in *Vines*, supra, but said that "it is the opinion of this court that the weight of authority [from other jurisdictions] * * * is contrary to Vines, supra, which has not been generally followed". Although the cases citing *Vines* may be few, it has not been overruled, and we reaffirm its holding.

In Waters v. American Casualty Company of Reading, Pa., 261 Ala. 252, 73 So.2d 524, we held:

"This court has long since taken the position that under certain circumstances, for the breach of a contract there may be either an action of assumpsit or one in tort. This means that when there is a contract * * * a failure * * * to do the act * * * gives rise to an action of assumpsit."

This is precisely the situation which the plaintiff has alleged here. We can but conclude that the counts state a good cause of action ex contractu and that the plea of governmental immunity is not a good defense thereto.

This court has consistently held that the question of whether the doctrine of sovereign immunity which exists in this state should be modified is a legislative question. We still consider that it is a

matter for the legislature. But nothing in that doctrine precludes an action for breach of contract. In fact, the legislature in providing that the counties may operate hospitals, and our holdings to the effect that in so doing it is acting in a governmental capacity, has never extended the doctrine of sovereign immunity to actions for breach of contract. In fact the provision in the statutes to the effect that a county (in operating hospitals) is a body corporate with power to sue and be sued contemplated that actions ex contractu may be brought. Surely nothing under the doctrine of sovereign or governmental immunity would preclude an action for the collection of a debt against the hospital board in this case. We conclude that the plaintiff has alleged in each count a breach of contract action and that the pleas interposed by defendant were subject to the plaintiff's demurrer.

Reversed and remanded.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur.