256 So.2d 279

Willie Pearl HUTCHINSON

v.

BOARD OF TRUSTEES OF UNIVERSITY OF ALABAMA d/b/a "The University of Alabama Hospitals and Clinics, A Division of Board of Trustees of the University of Alabama".

6 Div. 91.

Court of Civil Appeals of Alabama.

June 2, 1971.

Rehearing Denied June 30, 1971.

Jones, Propst & Topazi and Corley & Church, Birmingham, for appellant.

Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, for appellee.

BRADLEY, Judge.

The appellant, Willie Pearl Hutchinson, filed a single count complaint in the Circuit Court of Jefferson County, seeking recovery for an alleged breach of a so-called implied contract.

The alleged contract matured, according to appellant, when she entered University Hospital, Inc. in Birmingham to give birth to her expected child.

According to the complaint, appellee, Board of Trustees of University of Alabama, d/b/a "The University of Alabama Hospitals and Clinics, A Division of Board of Trustees of the University of Alabama," did accept appellant as a paying

patient, and impliedly agreed to care for her and her expected child and to deliver to her upon her release from said institution her baby.

She further alleges that appellee breached this implied agreement by failing to deliver to her upon her release, the baby she had been delivered of, but instead she was given, as her own, someone else's baby.

The complaint further shows that three days after she left the hospital, appellant was notified to return to the hospital and bring the baby. Upon returning to the hospital, appellant learned for the first time that she had been given the wrong baby.

To the complaint, appellee filed a plea in abatement which sought to abate the action on the ground that the appellee was an instrumentality of the State of Alabama, and therefore, could not be sued in a court of the State of Alabama.

Section 14, Constitution of Alabama 1901, provides:

"That the State of Alabama shall never be made a defendant in any court of law or equity."

The plea in abatement, at the suggestion of the trial court, was changed to a demurrer. This demurrer was subsequently sustained, with the appellant taking a non-suit. This appeal resulted from that non-suit.

The sole issue before this court is whether or not the Board of Trustees of the University of Alabama can be made a defendant in a State court, contrary to the provisions of Section 14, supra.

Appellant says that when the Legislature gave the appellee certain corporate powers as provided in Title 52, Sections 486 and 487, Code of Alabama 1940, as Recompiled 1958, that it also authorized said corporate body to sue and be sued, especially in contract.

Appellant also says that the case of Paul v. Escambia County Hospital Bd., 283 Ala. 488, 218 So.2d 817, supports this position.

In *Paul*, supra, the county hospital board was sued for its alleged failure to nurse and care for plaintiff during childbirth, and the court held that this was a contract action, and said:

"* * * the provision in the statutes to the effect that a county (in operating hospitals) is a body corporate with power to sue and be sued contemplated that actions ex contractu may be brought. Surely nothing under the doctrine of sovereign or governmental immunity would preclude an action for the collection of a debt against the hospital board in this case."

Appellant says that the rationale of *Paul*, supra, applies to the case at bar because no one could expect a hospital board to carry out its functions without the right to sue and enforce obligations due it. Appellant further asserts that persons who deal with such a corporate body have a reciprocal right to sue for obligations arising out of the same contract.

However, the Supreme Court said in Cox v. Board of Trustees of University of Alabama, 161 Ala. 639, 49 So. 814, that public institutions created purely for charitable or educational purposes are part of the State; and that they are not subject to suit under Section 14 of the Alabama Constitution of 1901, although the charters and acts of the Legislature incorporating such institutions expressly provide that they may sue and be sued.

Moreover, in Wallace v. Malone, 279 Ala. 93, 182 So.2d 360, the Supreme Court recognized that State agencies could contract debts, but held that these same agencies could not be sued for the debts it did contract.

The court also, in Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114, a case where the school was

suing its former president to recover certain moneys received by him in his fiduciary capacity, and where the president filed a cross-bill against the school seeking affirmative relief, said that the appellee could not maintain his cross-bill against the school, and stated:

" * * * if the complainant is a mere state agency—a representative of the state instituted and maintained by the sovereignty for the exercise of a governmental function,—a suit against it is a suit against the state, * * *"

*Reynolds*, supra, also stands for the principle that Section 240, of the Alabama Constitution, does not destroy the immunity given to the State by Section 14 of the Alabama Constitution.

Appellant, however, says that *Paul*, supra, has now opened the way for the appellee to be sued for breach of contract. We do not agree with appellant.

It was said in Calhoun County v. Brandon, 237 Ala. 537, 187 So. 868, that:

" * * * A county is given the right to sue and be sued, as are individuals. Code, § 181; Constitution, §§ 240 and 241."

The Supreme Court in *Paul*, supra, therefore, did not authorize an instrumentality of the State, such as appellee, to be made a defendant in a State court; it simply reiterated the principle that a county could be sued for breach of contract.

We therefore conclude that appellee is an instrumentality or agency of the State of Alabama and cannot be made a defendant in a court of law or equity of said State. Section 14, Constitution of Alabama 1901. It is also our conclusion that the decision in *Paul*, supra, does not authorize the appellee to be sued in the State courts of Alabama.

The trial court was correct in sustaining appellee's demurrer.

Affirmed.