**Andrew KNIGHT, Administrator of the Estate of Kim Knight, Deceased, Plaintiff,**

v.

**A. Carl COLLINS, Jackson County Hospital, a corporation, et al., Defendants.**

**Civ. A. No. 71-99.**

United States District Court, N. D. Alabama, S. D.

June 8, 1971.

James H. Lackey and Tarter & Wininger, Birmingham, Ala., for plaintiff.

S. R. Starnes, and Spain, Gillon, Riley, Tate & Ansley, Birmingham, Ala., Jack Livingston and Dawson, McGinty & Livingston, Scottsboro, for defendants.

## MEMORANDUM OPINION AND ORDER

POINTER, District Judge.

This action was instituted by the administrator of the deceased infant's estate against the hospital and the physician. It comes on to be heard on the hospital's motion to dismiss the complaint as amended.

█ The original complaint charged that the hospital, in releasing the newly born infant, had negligently failed to "continue" needed treatment and, in not readmitting the infant on the following day, had negligently failed to diagnose or treat the infant. In view of the hospital's claim of governmental immunity, not factually disputed, it must be held under *Erie* that such allegations fail to state a cause of action against the hospital. Jenkins v. Houston County Hospital Board, 284 Ala. 180, 223 So.2d 583 (1969).

In an effort to escape the defense of governmental immunity, the plaintiff administrator amended to *add* a paragraph setting forth an implied contract whereby the hospital, at the time of admitting the expectant mother, agreed to care for her during delivery and to care for infant after birth until able to leave the hospital. Counsel for plaintiff skillfully patterned the allegations after those approved by the Alabama Supreme Court in Paul v. Escambia County Hospital Board, 283 Ala. 488, 218 So.2d 817 (1969). In *Paul* the mother was allowed, as against the claim of governmental immunity, to proceed with an action for breach of contract upon allegations deemed by that court to claim a total failure by the hospital, after accepting agreed upon charges, to undertake any part of the performance of that contract.

█ The present case cannot, however, for two reasons be posited upon the

*Paul* decision. First, the allegations of the complaint reflect that the hospital did undertake performance of its obligations under the alleged contract and that claimed fault lies in its negligent or incomplete performance. The Alabama Supreme Court in *Paul* (218 So.2d at 821–822) carefully noted that, in such a situation, the action could not be maintained *ex contractu* and would be subject to the governmental immunity claim. While the new paragraph added by the plaintiff here could, absent other allegations, be taken as alleging a failure to undertake any performance, there are other allegations—those contained in the original complaint, which were not deleted—which show that the hospital had undertaken its obligations but had failed to "continue" the same. (The plaintiff does not attempt to assert acceptance by the hospital of a new contract on the day on which readmission was sought but denied.)

Secondly, the *Paul* case, contrasted with the present litigation, was brought by the mother as plaintiff, seeking damages suffered by her as a result of the alleged breach of contract by the hospital. The allegations in the *Paul* complaint relative to death of the infant were not by way of asserting a cause of action on behalf of the infant, but at most a claim for additional damages suffered by the mother (mental anguish) in conjunction with other damages claimed by her—the propriety of which the Alabama Supreme Court was not called upon to determine on the appeal. Also see Peck v. Henderson, 218 Ala. 233, 118 So. 262 (1928). Here, the action is brought by the Administrator of the deceased child's estate.[1] Whether this is brought as a cause of action in the child which

survived his death or as an action for wrongful death for the parents' benefit under Title 7, § 119, is not clear.

To the extent that plaintiff seeks to bring a cause for breach of contract within the Homicide Act—Title 7, § 119, or its adult companion, Title 7, § 123— the Alabama Supreme Court has clearly foreclosed the way. Thaggard v. Vafes, 218 Ala. 609, 119 So. 647 (1928). Moreover, this same decision assumes the rule that an action *ex contractu* for damage to the person causing death would not otherwise survive (insofar as the right of action held by the deceased). There may be good reason to question the correctness of the reasoning underlying such a rule—see, *e.g.*, Smedley, "Wrongful Death—Basis of Common Law Rules," 13 Vanderbilt Law Review 605 (1960)—but our role is limited here to discerning the rule adopted by the Alabama Supreme Court. In a similar situation, Judge Lynne of this district court ruled that a count for breach of implied warranty causing death could not be maintained under Alabama law. (Unpublished ruling, Wheeler v. General Motors Corp., U.S.Dist.Court, N.D.Ala., # 70–315). The Fifth Circuit has reached the same conclusion as to a comparable Florida statute. Latimer v. Sears, Roebuck & Co., 285 F.2d 152 (5th Cir. 1960).

For the reasons indicated, it is

Ordered

That the motion of defendant Jackson County Hospital Board, a public corporation, to dismiss as to it the amended complaint is hereby granted, and said action dismissed as to such defendant.

---

1. An additional complication—which is not reached in this decision—relates to the "third party beneficiary" aspect. Such a problem no doubt will be presented in a case brought on behalf of a living child for non-fatal injuries suffered in childbirth on account of alleged breach of contract.