I concur in that portion of the opinion which holds that, with respect to Chandler's contract claim for the wrongful death of her son, the holding in Geohagan v. General MotorsCorp., 291 Ala. 167, 279 So.2d 436 (1973), is controlling.
As to the other holding, I must respectfully dissent from the majority opinion on these grounds:
(1) The equal protection claim was not adequately presented in the trial court, and there was no showing made that the legislature did not have a rational basis for granting immunity to this particular hospital.
(2) This Court has previously decided that hospitals organized under the same code section as was Huntsville Hospital were immune from suit.
(3) This Court has repeatedly upheld grants of immunity to public bodies and institutions, even though the effect is to deprive a person of a remedy otherwise available if the person was injured by a private person or entity.
(4) The legislature is the proper body to change or modify any immunity granted to hospitals organized in the class of which Huntsville Hospital is a member.
 I
SECTION 22-21-137, ALA. CODE (1975), PROVIDES IMMUNITY FOR HUNTSVILLE HOSPITAL FROM AN ACTION FOR MEDICAL MALPRACTICE.
Huntsville Hospital is owned and operated by the Hospital Authority of the City of *Page 1020 
Huntsville. The Authority was formed pursuant to §§ 22-21-130et seq, Alabama Code (1975), and is afforded immunity from actions ex delicto by § 22-21-137.
Although the plaintiff argues that the statutes under which the Hospital Authority was incorporated do not apply to the day-to-day operation of the hospital, and that the immunity afforded by § 22-21-137 applies only to "building and start-up operations of a hospital," and does not apply to "medical negligence," I am of the opinion that the statutes in question clearly provide for the day-to-day operation of Huntsville Hospital and the immunity provided by § 22-21-137 provides immunity for all actions ex delicto.
A review of the history of §§ 22-21-130 et seq. and the cases in which this Court has considered § 22-21-137, and its predecessor, support the Authority's position. The statutes in question were enacted in 1961. See Act 109, Ala. Acts 1961, p. 134. They were codified at Ala. Code 1940, Tit. 22, §§ 204(41a) to 204(41x) (1973 Supp.). Hospital authorities incorporated thereunder were granted immunity from actions ex delicto by § 204(41h). In at least three cases decided by this Court, § 204(41h) was considered to provide immunity for actions for medical negligence. In the first of those decisions, Green v.Hospital Building Authority of the City of Bessemer, 294 Ala. 467, 318 So.2d 701 (1975), the issue before the Court was whether plaintiff had stated a claim for breach of an implied contract sufficient to withstand defendant's motion for summary judgment. The suit was brought in contract for the obvious purpose of circumventing the immunity in tort granted by statute. According to plaintiff, a nurse employed by the defendant hospital closed a door on plaintiff's hand, resulting in a fracture to one of plaintiff's fingers. Citing § 204(41h), Justice Almon, writing for the Court, held, in part, as follows:
 "Clearly, an action for negligence would be maintainable under these facts in the absence of statutory immunity. The election of remedies between an action ex delicto and ex contractu is permissible where the duties imposed by each (contract-tort) overlap. When a given act is both a breach of a contractual duty (expressed or implied) and a duty imposed by tort law, the plaintiff has the opportunity of electing his remedy. There are many instances in our law where these separate duties are concomitant. It is not the character of the act constituting the breach which necessarily determines the remedy; it is rather the character or nature of the duty or duties breached which determines the remedy or remedies available."
In Lorence v. Hospital Board of Morgan County, 294 Ala. 614,320 So.2d 631 (1975), the issue before the Court was the correctness of the trial court's dismissal of the plaintiff's claim on the basis that the hospital enjoyed governmental immunity. The Court did not give a detailed explanation of the facts, stating only that plaintiff allegedly suffered damages due to the negligence of a hospital employee. This Court, in a split decision, held that the county hospital was not immune from plaintiff's suit and remanded the case for trial. Significant to the instant case is the Court's comparison between county and municipal hospitals. The Court reasoned that the legislature could have granted immunity to county hospitals for tort actions had it chosen to do so, noting that such immunity was expressly provided for municipal hospitals by § 204(41h). There, Justice Jones, writing for a divided court, held:
 "We believe it is clear that the legislature had no intention to limit such suits to actions sounding in contract. Had it so intended, it could have so provided. This it did with regard to municipal hospitals by expressly providing that they are empowered 'to sue others and to prosecute suits; to be sued by others in any form of litigation other than an action ex delicto.' Tit. 22, § 204(41h) (emphasis supplied.) No such limitation appears in the legislative language contained in Tit. 22, § 204, which authorizes the creation and operation of county hospital *Page 1021 
boards." 294 Ala. at 618, 320 So.2d at 634.
Finally, in Berry v. Druid City Hospital Board, 333 So.2d 796
(Ala. 1976), the issue before the Court was again the sufficiency of plaintiffs allegations of breach of an implied contract. Plaintiff alleged that she was not properly strapped to a treatment table at the hospital and fell off it, causing permanent injury to her shoulder. The first sentence of the Court's opinion states that "[t]his is a suit against a hospital, protected from tort liability by governmental immunity (granted by statute), charging it with breach of implied contract." Id. at 798. The statute to which the Court referred was § 204(41h).
Title 22, §§ 204(41a) to 204(41x) of the 1940 Code, Recomp. 1958, became §§ 22-21-130 to 22-21-156 in the 1975 Code. (See Table of Comparative Sections, Ala. Code (1975), Vol. 2.) Section 204(41h) became § 22-21-137.
In 1978, the legislature amended § 22-21-131 by broadening the powers given an authority incorporated thereunder to include the power to "operate its properties." See 1978 Ala.Acts, No. 409, p. 394. Previously, an authority organized under this section had only the power to lease its properties. SeeAla. Code, Tit. 22, § 204(41a).
 II
THIS COURT SHOULD NOT CONSIDER PLAINTIFF'S EQUAL PROTECTION CHALLENGE TO ALA. CODE (1975), § 22-21-137, BECAUSE THAT ISSUE WAS NOT RAISED IN THE COURT BELOW.
The only evidence in the record that a constitutional challenge was presented to the court below is contained in plaintiffs "Request for Leave to Respond to Motions of Defendants, Huntsville Hospital and Edward Boston, for Summary Judgment." There plaintiff quoted Article I, Sections 13 and 35 of the Constitution of Alabama, and the Fourteenth Amendment to the United States Constitution and asserted that § 22-21-137
violated each provision. This Court has repeatedly stated that constitutional questions not presented to the trial court will not be considered on appeal. In my opinion, the plaintiff failed to present evidence to the trial court that there was no rational basis for the grant of immunity to the Huntsville Hospital. See, e.g., Home Indemnity Co. v. Anders,459 So.2d 836 (Ala. 1984); Cooper v. Green, 359 So.2d 377 (Ala. 1978);Smith v. State, 280 Ala. 241, 192 So.2d 443 (1966).
 III
SECTION 22-21-137, ALA. CODE (1975), DOES NOT UNCONSTITUTIONALLY DEPRIVE PLAINTIFF OF A REMEDY, NOR DOES IT VIOLATE HER RIGHT TO EQUAL PROTECTION UNDER THE LAW.
In considering plaintiffs constitutional challenge to §22-21-137, this Court must apply the following standard:
 "[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law."
Home Indemnity Co. v. Anders, 459 So.2d 836, 840 (Ala. 1984), quoting Alabama State Federation of Labor v. McAdory, 246 Ala. 1,9, 18 So.2d 810, 815 (1944). I am of the opinion that §22-21-137 is not "violative of the fundamental law," and that this Court should uphold it.
Plaintiff strongly contends that she would have a remedy had her son been taken to a private hospital or to one organized pursuant to Ala. Code (1975), § 22-21-170. This fact is not a sufficient basis upon which to hold § 22-21-137
unconstitutional. In fact, the author of this opinion *Page 1022 
pointed out the distinction between the two statutes inLorence, supra.
This Court has repeatedly upheld grants of immunity to public institutions or bodies even though the effect is to deprive an injured person of a remedy for his injuries. For example, both city and county school boards are immune from tort actions.See Enterprise City Board of Education v. Miller, 348 So.2d 782
(Ala. 1977); Sims v. Etowah County Board of Education,337 So.2d 1310 (Ala. 1976). Municipal airports are immune from tort actions. See Scotti v. City of Birmingham, 337 So.2d 350
(Ala. 1976); Ala. Code 1975, § 4-4-4. A public corporation formed pursuant to Ala. Code 1975, § 11-89-1, et seq., for the purpose of providing water, sewer disposal, and fire protection services is immune from tort liability in the furnishing of fire protection services. See Weeks v. EastAlabama Water, Sewer, Fire Protection District, 401 So.2d 26
(Ala. 1981); Ala. Code 1975, § 11-89-15.
The immunity recognized in the foregoing cases has the obvious effect of depriving a party injured by actions of the institution in question of a remedy against that government body. Had the body in question in each case been a private entity, of course, or one as to which the legislature had provided for a remedy, a remedy would clearly be provided. This distinction has not been considered previously to be a basis for declaring the immunity granted to these institutions to be unconstitutional, and should not be so considered in this case. I cannot hold that § 22-21-137 is arbitrary or capricious. I believe that, based on this record, it is a valid exercise of the legislature's power to prescribe the circumstances under which a body it creates may sue or be sued.
 IV
THE LEGISLATURE IS THE PROPER BODY TO CHANGE OR MODIFY THE IMMUNITY GRANTED BY ALA. CODE (1975), § 22-21-137.
In Alabama State Federation of Labor v. McAdory, 246 Ala. 1,18 So.2d 810 (1944), the Court stated a familiar principle:
 "Another principle which is recognized with practical unanimity, and leading to the same end, is that the courts do not hold statutes invalid because they think there are elements therein which are violative of natural justice or in conflict with the court's notions of natural, social, or political rights of the citizen, not guaranteed by the constitution itself. Nor even if the courts think the act is harsh or in some degree unfair, and presents chances for abuse, or is of doubtful propriety. All of these questions of propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern."
246 Ala. at 9, 18 So.2d at 815. The prerogative of the legislature in the field of immunity has been repeatedly recognized by this Court. See, e.g., Weeks v. East AlabamaWater, Sewer Fire Protection District, 401 So.2d 26
(Ala. 1981); Jackson v. City of Florence, 294 Ala. 592,320 So.2d 68 (1975).
The legislature authorized the creation of the Hospital Authority of the City of Huntsville. The legislature further prescribed that the Authority could not be sued for actionsex delicto. I am of the opinion that this Court should uphold §22-21-137, and that any change in this section should come from the legislature.
My position on governmental immunity and governmental responsibility in tort is clearly set out in my dissenting opinion in Horton v. Northeast Ala. Regional Med. Ctr., Inc.,334 So.2d 885, 890 (Ala. 1976), as follows:
 "My position on the issue of 'governmental immunity' in cases such as this one was first stated in Hutchinson v. Board of Trustees of University of Alabama, 288 Ala. 20, 256 So.2d 281
(1971), where I wrote as follows:
 " 'We must have a reasonable respect for the doctrine of stare decisis and the division of powers between the Executive, Legislative and Judicial *Page 1023 
branches of our government Alabama may one day return to the rule of governmental responsibility with which we began as a State. The frequency of the appeals to this Court asking that the rule be changed is some evidence that the constitutional provision granting governmental immunity may have served whatever purpose it was intended to serve and maybe it should [now] be abandoned. But that is a question addressing itself to the Legislature in initiating and proposing an amendment to the Constitution. The Legislature already has power, without necessity for constitutional change, to adjust claims against the state.
 " 'The Legislature, when it deems necessary, can pass relief bills to compensate individuals who have been harmed. In fact, the Legislature now provides some relief to persons injured by appropriating money to the State Board of Adjustment for payment of claims against the State. Title 55, §§ 333-344, Code of Alabama, 1940 (Recomp. 1958). See The Alabama State Board of Adjustment and the Law, 19 Ala. Law. 397 (1958). Therefore, a claimant is not completely without some recourse if he suffers injury because of the action of State officials in carrying out their duties.'
"In Smith v. Houston County Hospital Board, 287 Ala. 705,255 So.2d 328 (1971), I specially concurred, stating:
 " 'I believe this appeal to us for the second time points out the futility of attempting to widen the crack made in the "governmental immunity" wall by Paul v. Escambia County Hospital Board, 283 Ala. 488, 218 So.2d 817 (1969).
 " 'My own personal view is that this Court should have never insulated county operated hospitals from tort liability in cases involving paying patients on the ground that counties operating such hospitals are engaged in a "governmental function." But it has, and not on just one occasion, but on several. See Jenkins v. Houston County Hospital Board, 284 Ala. 180, 223 So.2d 583 (1969); Thompson v. Druid City Hospital Board, 279 Ala. 314, 184 So.2d 825 (1966); Clark v. Mobile County Hospital Board, 275 Ala. 26, 151 So.2d 750 (1963); Garrett v. Escambia County Hospital Board, 266 Ala. 201, 94 So.2d 762 (1957); Moore v. Walker County, 236 Ala. 688, 185 So. 175
(1938); Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542 (1947).
 " 'As I said as author of the opinion in Hutchinson v. University Board of Trustees, (decided November 11, 1971), 288 Ala. 20, 256 So.2d 281, the question of governmental responsibility is a pressing one, but the Legislature is the body which will have to deal with it in view of the interpretations which have been heretofore rendered with regard to governmental immunity.'
"The Legislature has not acted and this Court has been called upon once again to distinguish between actions ex contractu and actions ex delicto. The problem which we here face was created by Paul v. Escambia County Hospital Board, 283 Ala. 488,218 So.2d 817 (1969), which followed the questionable doctrine set out by a divided court in Vines v. Crescent Transit Company,264 Ala. 114, 85 So.2d 436 (1956)."
TORBERT, C.J., and HOUSTON and STEAGALL, JJ., concur.
 On Application for Rehearing