Rel: December 12, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

———————————————

### SC-2025-0240

———————————————

## Ex parte The Board of Trustees of the University of Alabama for its Division, University Hospital

## PETITION FOR WRIT OF MANDAMUS

## (In re: Donisha Howard

## v.

## The Board of Trustees of the University of Alabama et al.)

## (Jefferson Circuit Court: CV-24-903212)

COOK, Justice.

This mandamus petition presents the question of whether a plaintiff may pursue claims against a state university's governing board after voluntarily abandoning an interpleader claim that would permit judicial review of a hospital lien. In August 2024, Donisha Howard filed suit in the Jefferson Circuit Court challenging a hospital lien asserted by the Board of Trustees of the University of Alabama ("the Board") in connection with medical services provided by the University of Alabama at Birmingham Hospital ("UAB Hospital"). Howard's original complaint included an interpleader claim seeking to deposit disputed settlement funds with the court so that the competing claims to those funds could be adjudicated. But after the Board moved to dismiss the action against it on the ground that it is entitled to State immunity under Article I, § 14, of the Alabama Constitution, Howard amended her complaint to remove the interpleader claim, to add additional claims, and to proceed only on various tort, contract, and state constitutional claims. The trial court subsequently entered an order denying the Board's motion to dismiss.

The Board now petitions this Court for a writ of mandamus directing the trial court to vacate its order and to enter an order dismissing the action for lack of subject-matter jurisdiction. Because the

operative complaint no longer contains an interpleader claim and seeks relief solely against an arm of the State, the Board contends that the trial court has a "clear and imperative duty" to dismiss the action under § 14 of the Alabama Constitution. For the reasons explained below, we grant the petition and issue the writ.

<u>Facts and Procedural History</u>

On May 16, 2023, Howard was involved in a motor-vehicle accident in Jefferson County. After the accident, she sought medical treatment at UAB Hospital, which is operated by the Board. The Board alleges that Howard incurred $9,231 in medical expenses for the medical care and treatment she received at UAB Hospital.

Almost two months later, on July 19, 2023, UAB Hospital filed a hospital lien in the Jefferson County Probate Court in the amount of $9,231. The lien secured payment for Howard's treatment and care from any settlement or recovery she might receive on account of her injuries.

Howard retained counsel to pursue claims against the other person involved in the accident. As a result of that litigation, she recovered $25,000 from his liability-insurance provider. She then tried to negotiate with UAB Hospital to reduce the amount she owed under the lien.

3

After negotiations failed to yield a favorable result, Howard filed suit on August 16, 2024, against the Board; its employee, Thomas Elmes, in both his official and individual capacities;[1] and numerous fictitiously named defendants in the Jefferson Circuit Court. The complaint contained a litany of tort, contract, and state constitutional claims against the Board. In addition, Howard included an interpleader claim alleging that the lien amount was unreasonable and sought declaratory and injunctive relief against the Board. After filing her complaint, she also moved to deposit the settlement funds with the trial court.

On October 14, 2024, the Board moved to dismiss Howard's complaint.[2] In its motion, the Board argued that it was entitled to State immunity under Section 14 of the Alabama Constitution because it was an agency of the State of Alabama. The Board also claimed that the trial court could <u>not</u> exercise <u>in rem</u> jurisdiction because Howard did not

---

[1]Elmes was named as a defendant because he had filed the lien on behalf of UAB Hospital as part of his employment with the hospital.

[2]We note that the Board and Elmes jointly filed the motion to dismiss. After that motion was denied, Elmes petitioned this Court for a writ of mandamus in which he, like the Board, asked us to direct the trial court to dismiss all of Howard's claims against him based on State immunity. Our Court issued an order denying Elmes's petition. <u>Ex parte Elmes</u> (No. SC-2024-0852, Feb. 12, 2025) (Ala. 2025).

4

interplead the settlement funds with the court.[3]

Howard opposed that motion, arguing principally that State immunity does not apply because the court may exercise in rem jurisdiction over her settlement funds. She maintained that, under Rule 22, Ala. R. Civ. P., parties seeking interpleader are permitted -- but not required -- to deposit the disputed funds. Moreover, she contended that if State immunity does apply and the court could not exercise in rem jurisdiction, she would be denied due process under the Alabama Constitution, because her property would be taken without an opportunity to defend her rights. Instead, she argued, she should be allowed to raise defensive claims against UAB Hospital's lien. Finally, she asserted that, if her only error was naming the Board as a defendant, that mistake was harmless.

On the same day the trial court held a hearing on the Board's motion, Howard filed a motion to withdraw her motion to deposit the settlement funds. About a week later, Howard amended her complaint. The new complaint, among other things, removed her interpleader claim.

---

[3]At the time the motion to dismiss was filed, Howard's motion to deposit the settlement funds was still pending in the trial court.

On March 4, 2025, the trial court denied the Board's motion to dismiss. The Board thereafter petitioned this Court for a writ of mandamus, and we ordered answers and briefs.

## Standard of Review

Although interlocutory orders denying a motion to dismiss are generally not reviewable by a petition for a writ of mandamus, such a petition "is an appropriate means for seeking review of an order denying a claim of immunity." Ex parte Butts, 775 So. 2d 173, 176 (Ala. 2000). Indeed, it is well established that mandamus will issue to compel dismissal of a claim barred by State immunity. Ex parte Blankenship, 893 So. 2d 303, 305 (Ala. 2004) (citing Ex parte McWhorter, 880 So. 2d 1116, 1117 (Ala. 2003)).

Mandamus will issue when there is: "1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So. 2d 501, 503 (Ala. 1993).

## Discussion

In its petition for a writ of mandamus, the Board argues that the

6

trial court erred in denying its motion to dismiss. Because the Board is protected by State immunity under § 14 of the Alabama Constitution, it says, the trial court had a "clear and imperative duty" to grant the motion.

Article I, § 14, Ala. Const. 2022, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." That provision establishes what this Court has described as a "nearly impregnable" wall of immunity that shields the State from suit. Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002).

Immunity extends beyond the State itself to its agencies and instrumentalities. For instance, as relevant here, "the State's institutions of higher learning are also entitled to the immunity of § 14," Ex parte Board of Trs. of Univ. of Alabama, 411 So. 3d 1228, 1232 (Ala. 2024) (citing Sarradett v. University of S. Alabama Med. Ctr., 484 So. 2d 426, 426 (Ala. 1986)), because such institutions are "agenc[ies] of the State," Hutchinson v. Board of Trs. of Univ. of Alabama, 47 Ala. App. 460, 463, 256 So. 2d 279, 281 (Civ. App. 1971). Indeed, this Court has repeatedly emphasized that "'[t]he Board of Trustees of the University of Alabama was created by the State of Alabama,'" and "[o]ur cases have made it

7

abundantly clear that the Board is entitled to § 14 immunity." Ex parte Board of Trs. of Univ. of Alabama, 264 So. 3d 850, 854 (Ala. 2018) (citation omitted).

When State immunity attaches, it operates as a "jurisdictional bar" to a trial court's ability to exercise jurisdiction over the action. See Ex parte Alabama Dep't of Transp., 985 So. 2d 892, 894 (Ala. 2007); see also Larkins v. Department of Mental Health & Mental Retardation, 806 So. 2d 358, 364 (Ala. 2001). The jurisdictional nature of § 14 immunity means that, when it attaches, a trial court must dismiss the action. As this Court explained in Vandenberg v. Aramark Educational Services, Inc., 81 So. 3d 326, 333 (Ala. 2011), "boards of trustees are corporate bodies governing the universities, and there is no exception to the immunity afforded the State by § 14 that would permit the trial court to entertain an action against them, regardless of whether monetary, injunctive, or declaratory relief is being sought."

Thus, as a general matter, Howard's claims against the Board cannot be entertained because the Board is immune from suit of any type. This means that Howard's action against the Board was due to be dismissed for lack of jurisdiction.

Despite this result -- and the clear legal principles that support it -- Howard insists that the Alabama Constitution itself requires an exception here. According to Howard, applying State immunity in the present case would effectively deny her all opportunity to obtain due process of law, as guaranteed by Article I, § 6, of the Alabama Constitution. In her view, § 14, if enforced without qualification, would obliterate the protections of § 6.

Although Howard cites § 6 of the Alabama Constitution, her argument in substance rests on Article I, § 13, of the Alabama Constitution. Section 6 concerns due process in criminal prosecutions. It provides that, "in all <u>criminal</u> prosecutions, the accused … shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law." Ala. Const. 2022, Art. I, § 6. Section 13, by contrast, "guarantee[s] every person a remedy by due process of law for 'any injury done … in his lands, goods, person, or reputation.'" <u>Ex parte Cranman</u>, 792 So. 2d 392, 398 (Ala. 2000) (plurality opinion) (quoting Ala. Const. 1901, Art. I, § 13).

This Court "has interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed

under the United States Constitution." Elliott v. Van Kleef, 830 So. 2d 726, 730 (Ala. 2002)). Specifically, we have explained that "procedural due process, protected by the Constitutions of the United States and this State, requires notice and an opportunity to be heard when one's life, liberty, or property interests are about to be affected by governmental action." Brown's Ferry Waste Disposal Ctr., Inc. v. Trent, 611 So. 2d 226, 228 (Ala. 1992) (emphasis added).

Howard maintains that, unless the courts can adjudicate her claims, she will be deprived of her property without due process. While it is true that a property interest exists in a valid final money judgment, and thus a litigant is entitled to due process before the State may deprive her of that judgment, see Huckabee v. Stephens, 29 Ala. App. 259, 261-62, 195 So. 295, 297 (1940), we note that, consistent with § 14 immunity principles, Alabama courts have repeatedly entertained suits that resolve hospital liens asserted by UAB Hospital through the procedural mechanism for interpleader found in Rule 22, Ala. R. Civ. P.[4]

---

[4]The Board expressly concedes this point in its petition:

"Indeed, had the funds been interplead[ed] into the trial court, the trial court would have acquired in rem jurisdiction over the interplead[ed] funds. Upon acquiring in rem

Through interpleader claims, Alabama courts have long adjudicated disputes over liens filed by state-run hospitals without treating immunity as a jurisdictional bar. For example, in <u>Ex parte University of South Alabama</u>, 761 So. 2d 240, 242 (Ala. 1999), this Court reviewed the merits of an interpleader case involving a hospital "operated by the University of South Alabama." Likewise, in <u>Roberts v. University of Alabama Hospital</u>, 27 So. 3d 512, 514 (Ala. Civ. App. 2008), the plaintiffs interpleaded two drafts that had been issued by a liability insurer, and the trial court added a hospital asserting a lien as a defendant and adjudicated the lien's validity and amount. Other decisions reflect the same practice. <u>See</u>, <u>e.g.</u>, <u>Progressive Specialty Ins. Co. v. University of Alabama Hosp.</u>, 953 So. 2d 413 (Ala. Civ. App. 2006) (entertaining a declaratory-judgment action regarding a hospital lien); <u>Board of Trs. of Univ. of Alabama v. Richards</u>, 405 So. 3d 267, 271 (Ala. Civ. App. 2024) (relying on <u>Roberts</u> to note that interpleader provides a

---

jurisdiction, the trial court could have completely and totally adjudicated Ms. Howard's claim on the reasonableness of the charges secured by The Board's statutory Hospital Lien asserted under the Hospital Lien Statute."

The Board's petition at 7-8.

11

proper avenue for resolving hospital-lien disputes).

These precedents show that Alabama courts understand interpleader as a proper procedural vehicle for litigating the validity and amount of hospital liens, even when state-owned universities are the defendants. And even if the defendant in some of those cases did not expressly raise an affirmative immunity defense, this Court's failure to raise subject-matter jurisdiction ex mero motu reinforces the point. See, e.g., Puckett v. Board of Trs. of Univ. of Alabama, 408 So. 3d 730, 733-34 (Ala. 2024) (Cook, J., dissenting) ("Although the applicability of State immunity was not expressly decided in the above-mentioned cases, we have held that State immunity is an issue of subject-matter jurisdiction and that appellate courts are '"duty bound to notice ex mero motu the absence of subject-matter jurisdiction."'" (quoting Baldwin Cnty. v. Bay Minette, 854 So. 2d 42, 45 (Ala. 2003), quoting in turn Stamps v. Jefferson Cnty. Bd. of Educ., 642 So. 2d 941, 945 n.2 (Ala. 1994))).[5]

_____

[5]Of course, the failure to address the issue of subject-matter jurisdiction in prior cases does not actually bind our Court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119 (1984) ("'[W]hen questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.'" (quoting Hagans v. Lavine, 415 U.S. 528, 533 n. 5 (1974))).

The availability of interpleader is pivotal in the present case. Howard herself first recognized it as the proper path for obtaining the relief she desired when she included an interpleader claim in her original complaint and then maintained that claim all the way through the hearing on the Board's motion to dismiss. At that stage, she possessed a clear procedural vehicle by which the trial court could have exercised jurisdiction to resolve the validity and amount of the lien.

However, for reasons unknown to this Court, Howard chose to set that mechanism aside when she withdrew her motion to deposit the settlement funds and then amended her complaint to remove her interpleader claim. By doing so, she relinquished a well-established avenue that would have allowed the trial court to adjudicate her claim in a manner that would not have run afoul of § 14.

What remained after Howard amended her complaint were various tort, contract, and state constitutional claims asserted directly against the Board that fall squarely within the constitutional bar in § 14. The constitutional guarantee of due process is not defeated by § 14; it works in concert with it when parties make use of the procedural tools the law provides. Interpleader is one such tool, and Howard's voluntary decision

to abandon it is what forecloses her opportunity to pursue her action against the Board here. Having declined a valid means of securing the relief she is seeking against the Board, she cannot now fault the Constitution for lack of a remedy. Because Howard abandoned her interpleader claim, immunity squarely applies, and the trial court was required to dismiss the action.[6]

## Conclusion

For the foregoing reasons, the Board has demonstrated a clear legal right to the relief it is seeking. In particular, the Board has adequately demonstrated that the trial court lacked jurisdiction to entertain Howard's suit against it because of its entitlement to § 14 immunity. "'Without jurisdiction, a court has no power to act and must dismiss the action.'" Ex parte Board of Trs. of Univ. of Alabama, 264 So. 3d at 854 (quoting Alabama State Docks Terminal Ry. v. Lyles, 797 So. 2d 432, 435 (Ala. 2001)). Accordingly, we grant the petition for a writ of mandamus and direct the trial court to vacate its order denying the Board's motion

---

[6]After contending that State immunity does not apply to the Board, Howard further argues that UAB Hospital is not a "corporation" under § 35-11-370, Ala. Code 1975, and therefore cannot hold a valid lien. Because we resolve the petition on State-immunity grounds, we need not address that argument.

to dismiss and to, instead, enter an order granting that motion.

PETITION GRANTED; WRIT ISSUED.

Stewart, C.J., and Bryan, McCool, and Parker, JJ., concur.

Shaw, Wise, Sellers, and Mendheim, JJ., concur in the result.